Appeal by the People from so much of an order of the Supreme Court, Nassau County (Ayres, J), entered January 27, 2012, as, upon reviewing the grand jury minutes pursuant to a stipulation in lieu of motions, dismissed counts two and three of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.
Ordered that the order is reversed insofar as appealed from, on the law, counts two and three of the indictment are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.
“Courts assessing the sufficiency of the evidence before a grand jury must evaluate ‘whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted— and deferring all questions as to the weight or quality of the evidence—would warrant conviction’ ” {People v Mills, 1 NY3d *783 269, 274-275 [2003], quoting People v Carroll, 93 NY2d 564, 568 [1999]; see People v Bello, 92 NY2d 523, 525 [1998]; People v Jennings, 69 NY2d 103, 114 [1986]; People v Warren, 98 AD3d 634, 635 [2012]; People v Jessup, 90 AD 3d 782, 783 [2011]). “ ‘Legally sufficient evidence’ means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant’s commission thereof” (CPL 70.10 [1]). “ ‘In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt’ ” (People v Jessup, 90 AD3d at 783, quoting People v Bello, 92 NY2d at 526). “The reviewing court’s inquiry is limited to ‘whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,’ and whether ‘the Grand Jury could rationally have drawn the guilty inference.’ That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry ‘as long as the Grand Jury could rationally have drawn the guilty inference’ ” (People v Bello, 92 NY2d at 526 [citation omitted], quoting People v Deegan, 69 NY2d 976, 979 [1987]; see People v Warren, 98 AD3d at 635).
In this case, the defendant allegedly physically attacked the complainant as the complainant stood in the doorway of her apartment. Under the second count of the indictment, the defendant was charged with burglary in the first degree pursuant to Penal Law § 140.30 (2), which provides that “[a] person is guilty of burglary in the first degree when he [or she] knowingly enters or remains unlawfully in a dwelling with intent to commit a crime therein, and when, in effecting entry or while in the dwelling or in immediate flight therefrom, he [or she] or another participant in the crime . . . [c]auses physical injury to any person who is not a participant in the crime.” Under the third count of the indictment, the defendant was charged with burglary in the second degree pursuant to Penal Law § 140.25 (2), which provides that “[a] person is guilty of burglary in the second degree when he [or she] knowingly enters or remains unlawfully in a building with intent to commit a crime therein, and when . . . [t]he building is a dwelling.” We disagree with the conclusion of the Supreme Court that the evidence presented to the grand jury, viewed in the light most favorable to the People, was legally insufficient to establish the element, contained in each of these counts, that the defendant knowingly entered or remained unlawfully in a dwelling, i.e., the complainant’s apartment (see People v King, 61 NY2d 550, 554-555 [1984]; People v Jackson, 224 AD2d 547 [1996]; People v Daye, 150 AD2d 481, 481-482 [1989]). Accordingly, we must reverse *784 the order insofar as appealed from, reinstate counts two and three of the indictment, charging the defendant with burglary in the first degree pursuant to Penal Law § 140.30 (2) and burglary in the second degree pursuant to Penal Law § 140.25 (2), respectively, and remit the matter to the Supreme Court, Nassau County, for further proceedings on the indictment.
Dillon, J.R, Austin, Sgroi and Cohen, JJ., concur.