■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAMES RYAN, Respondent. [3 NYS3d 94]—

Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Carter, J.), dated December 16, 2013, as granted those branches of the defendant's omnibus motion which were to dismiss counts one through seven of the indictment on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is reversed insofar as appealed from, on the law, and those branches of the defendant's omnibus motion which were to dismiss counts one through seven of the indictment on the ground that the evidence presented to the grand jury was legally insufficient are denied, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings on the indictment.

According to the evidence presented to a grand jury, on October 18, 2012, before dawn, the defendant allegedly caused two collisions when he drove his car on the Long Island Expressway while he was under the influence of alcohol. In the immediate aftermath of those collisions, the defendant's stopped vehicle was in the eastbound High Occupancy Vehicle (hereinafter HOV) lane, facing perpendicular to the direction of traffic. Within a few minutes, a police officer responded to the scene. While the officer was standing near the defendant's stopped car, he was struck and killed when the driver of a sport utility vehicle traveling in the HOV lane did not see him or the defendant's stopped car in time to avoid hitting them.

A grand jury returned an indictment charging the defendant with numerous crimes. Several of those crimes contained as an element that the defendant "caused" the death of the victim (i.e., the officer). In his omnibus motion, the defendant moved to dismiss those counts of the indictment on the ground that the proof before the grand jury was legally insufficient to establish that he caused the officer's death. The defendant contended, in part, that the actions of the sport utility vehicle's driver, who failed to see the officer as well as the defendant's stopped vehicle, were a superseding cause of the officer's death.

The Supreme Court agreed. The court noted that 5 to 10 minutes had elapsed between the collisions that resulted in the stopping of the defendant's vehicle in the HOV lane and the collision that killed the police officer. In light of this gap, the court found that the death of the officer was not part of a "continuing chain of events" set in motion by the defendant, but was caused solely by the conduct of the driver of the sport utility vehicle (*People v Ryan*, 42 Misc 3d 643, 649-650 [Sup Ct, Nassau County 2013]). The People appeal.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction' " (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Warren*, 98 AD3d 634, 635 [2012]; *People v Jessup*, 90 AD3d 782, 783 [2011]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]).

In order to be held criminally liable for a person's death, a

defendant must have engaged in conduct that "actually contribute[d]" to that person's death (*People v DaCosta*, 6 NY3d 181, 184 [2006]), by setting in motion the events that resulted in the death (*see People v Matos*, 83 NY2d 509, 511 [1994]). The defendant's actions need not be the sole cause of death and, indeed, the defendant need not have committed the fatal act to be liable (*see id.* at 511-512). The test is, instead, whether it may be reasonably foreseen that the defendant's actions would result in the victim's death; if so, the defendant's actions may, under the criminal law, constitute a "sufficiently direct cause" of the death to warrant criminal liability for it (*People v Kibbe*, 35 NY2d 407, 412 [1974]; *see People v DaCosta*, 6 NY3d at 186; *People v Matos*, 83 NY2d at 512).

Here, viewing the evidence before the grand jury in the light most favorable to the prosecution (*see People v Mills*, 1 NY3d at 274-275), we find that there was legally sufficient proof before the grand jury that the defendant's actions "caused" the officer's death. Specifically, it was reasonably foreseeable that the defendant's conduct would cause collisions and that the police would respond and be required to be in the roadway, where they would be exposed to the potentially lethal danger presented by fast-moving traffic (*see People v DaCosta*, 6 NY3d at 186; *cf. People v Ballenger*, 106 AD3d 1375 [2013]).

Accordingly, the Supreme Court should have denied those branches of the defendant's omnibus motion which were to dismiss counts one through seven of the indictment on the ground that the evidence presented to the grand jury was legally insufficient. Rivera, J.P., Balkin, Hall and Sgroi, JJ., concur. **[Prior Case History: 42 Misc 3d 643.]**