■ The People of the State of New York, Appellant, v Edward Wisey, Respondent. [21 NYS3d 111]—

Appeal by the People from an order of the County Court, Suffolk County (Toomey, J.), dated July 31, 2014, which granted the defendant's application to dismiss the indictment, made on the ground that the evidence presented to the grand jury was legally insufficient.

Ordered that the order is reversed, on the law, the defendant's application to dismiss the indictment, made on the ground that the evidence presented to the grand jury was legally insufficient, is denied, the indictment is reinstated, and the matter is remitted to the County Court, Suffolk County, for further proceedings on the indictment.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted—

and deferring all questions as to the weight or quality of the evidence—would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Ryan*, 125 AD3d 695, 696 [2015]; *People v Woodson*, 105 AD3d 782 [2013]; *People v Warren*, 98 AD3d 634, 635 [2012]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d 782 [2013]). " 'In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt'" (*People v Jessup*, 90 AD3d 782, 783 [2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d at 782). "The reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference.' That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry 'as long as the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Woodson*, 105 AD3d 782 [2013]; *People v Warren*, 98 AD3d at 635).

Here, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was legally sufficient to establish the charge of driving while intoxicated (*see* Vehicle and Traffic Law § 1192 [3]). The arresting officer testified that when he responded to the subject scene, he observed a Hummer vehicle tipped over on its side, with telephone poles, trees, and light poles knocked over. The defendant was standing outside the vehicle and there were no other vehicles or persons in the vicinity. The defendant, who had cuts and bruises, smelled of alcohol, had bloodshot and glassy eyes, and was staggering on his feet. He informed the officer that he was "just in an accident." The owner of the vehicle testified that he had given the defendant, and only the defendant, permission to operate the vehicle on the night in question. Contrary to the County Court's conclusion, based on this testimony, and the inferences that logically flow therefrom, the grand jury could have reasonably inferred that the defendant had been operating the vehicle on the date in question (*see People v Booden*, 69 NY2d 185, 187 [1987]; *People v Blake*, 5 NY2d 118 [1958]; *People v Spencer*, 289 AD2d 877 [2001]; *People v Tatro*, 245

AD2d 1040 [1997]; *see also People v Tyra*, 84 AD3d 1758, 1759 [2011]; *People v Fenger*, 68 AD3d 1441, 1443 [2009]). Since the grand jury could have rationally drawn such an inference, the fact that the evidence presented is susceptible to other inferences is irrelevant (*see People v Jessup*, 90 AD3d at 784). Accordingly, the County Court erred in granting the defendant's application to dismiss the indictment, made on the ground that the evidence presented to the grand jury was legally insufficient. Leventhal, J.P., Cohen, Duffy and LaSalle, JJ., concur.