■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v BOBBY FRANOV, Respondent. [47 NYS3d 335]—

Appeals by the People, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Koenderman, J.), dated January 27, 2016, as granted that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient, and (2) so much of an order of the same court dated March 25, 2016, as, upon, in effect, reargument, adhered to the original determination.

Ordered that the appeal from the order dated January 27, 2016, is dismissed, as that order was superseded by the order dated March 25, 2016, made upon reargument; and it is further,

Ordered that the order dated March 25, 2016, is reversed insofar as appealed from, on the law, upon reargument, the order dated January 27, 2016, is vacated, that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient is denied, the indictment is reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most

favorably to the People, if unexplained and uncontradicted—and deferring all questions as to the weight or quality of the evidence—would warrant conviction' " (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Wisey*, 133 AD3d 799, 799-800 [2015]; *People v Ryan*, 125 AD3d 695, 696 [2015]). " 'Legally sufficient evidence' means competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL 70.10 [1]; *see People v Flowers*, 138 AD3d 1138, 1139 [2016]; *People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d 782, 783 [2013]). " 'In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt' " (*People v Jessup*, 90 AD3d 782, 783 [2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Wisey*, 133 AD3d at 800; *People v Ryan*, 125 AD3d at 696; *People v Woodson*, 105 AD3d at 783). "The reviewing court's inquiry is limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'. That other, innocent inferences could possibly be drawn from those facts is irrelevant to the sufficiency inquiry 'as long as the Grand Jury could rationally have drawn the guilty inference' " (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Wisey*, 133 AD3d at 800).

Here, the evidence presented to the grand jury, when viewed in the light most favorable to the People, was legally sufficient to establish the charge of intimidating a victim or witness in the third degree (*see* Penal Law § 215.15 [1]; *People v Gamble*, 74 NY2d 904 [1989]). The People presented evidence that, immediately following certain testimony given by a police officer against the defendant at a pretrial suppression hearing in an unrelated matter, the defendant exited the courtroom and, while standing only five to seven feet from the police officer, threatened him, using profane language. The officer testified that he took this threat very seriously and was scared. Contrary to the defendant's contention, based on this testimony, and the inferences that logically flow therefrom, the grand jury could have reasonably inferred that the defendant threatened the police officer in an effort to intimidate him into not further testifying in the case or otherwise curtailing his cooperation with the police and prosecution (*see People v Degiorgio*, 36 AD3d 1007, 1008 [2007]). Since the grand jury could have rationally drawn such an inference, the fact that the evidence

presented is susceptible to other inferences is irrevelant (*see People v Wisey*, 133 AD3d at 801; *People v Jessup*, 90 AD3d at 784). Accordingly, the Supreme Court should have denied that branch of the defendant's omnibus motion which was to dismiss the indictment on the ground that the evidence presented to the grand jury was legally insufficient. Rivera, J.P., Sgroi, Duffy and Brathwaite Nelson, JJ., concur.