THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARINA TUNIT, Appellant. [53 NYS3d 649]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dwyer, J.), rendered June 26, 2013, convicting her of grand larceny in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, as a matter of discretion in the interest of justice, and the indictment is dismissed, without prejudice to the People to re-present any appropriate charges to another grand jury (*see People v Beslanovics*, 57 NY2d 726 [1982]); and it is further,

Ordered that pursuant to CPL 470.45, the matter is remitted to the Supreme Court, Kings County, and that court shall cause, the defendant to be brought before it forthwith, at which time that court shall issue a securing order in accordance with the provisions of CPL 210.45 (9).

A grand jury indicted the defendant for grand larceny in the second degree (four counts) (Penal Law § 155.40 [1]), grand larceny in the third degree (four counts) (Penal Law § 155.35 [1]), and grand larceny in the fourth degree (Penal Law § 155.30 [1]) based upon the defendant's alleged embezzlement of funds from the complaining witness's business. In an omnibus motion, the defendant moved, inter alia, to the dismiss the indictment on the general grounds that the legal instructions to the grand jury were legally insufficient and that the charges were not supported by legally sufficient evidence. The Supreme Court denied the defendant's motion. Following a jury trial, the defendant was convicted of grand larceny in the second degree.

On appeal, the defendant argues, inter alia, that the grand jury proceeding was defective within the meaning of CPL 210.35 (5) based on the District Attorney's failure to instruct the grand jury on the definition of joint or common owner and the defense of claim of right. Although the defendant's contention is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Brown*, 81 NY2d 798, 799 [1993]; *People v Forde*, 140 AD3d 1085, 1087 [2016]), we reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [6] [a]).

The District Attorney is required to instruct the grand jury on the law with respect to matters before it (*see* CPL 190.25 [6]). A grand jury "need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" and it is sufficient that "the District Attorney provides

the Grand Jury with enough information to enable it intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d 389, 394-395 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]). " '[A] prosecutor should instruct the Grand Jury on any complete defense supported by the evidence which has the potential for eliminating a needless or unfounded prosecution' " (*People v Grant*, 113 AD3d 875, 876 [2014], quoting *People v Wilson*, 228 AD2d 708, 709 [1996]; *see People v Mitchell*, 82 NY2d 509, 514 [1993]; *People v Lancaster*, 69 NY2d 20, 26-27 [1986]; *People v Valles*, 62 NY2d 36, 38 [1984]). If the District Attorney fails to instruct the grand jury on a defense that would eliminate a needless or unfounded prosecution, the proceeding is defective, mandating dismissal of the indictment (*see* CPL 210.35 [5]; *People v Valles*, 62 NY2d at 38; *People v Calbud, Inc.*, 49 NY2d at 395-396).

Viewing the evidence before the grand jury in the light most favorable to the defendant (*see People v Padgett*, 60 NY2d 142, 144-145 [1983]), we find that there was a reasonable view of the evidence warranting instructions on the definition of joint or common owner and the defense of claim of right. Penal Law § 155.00 (5) provides that "[a] joint or common owner of property shall not be deemed to have a right of possession thereto superior to that of any other joint or common owner thereof." Consequently, a partner may not be charged with stealing the partnership's assets from another partner (*see People v Zinke*, 76 NY2d 8, 13 [1990]). Pursuant to Penal Law § 155.15 (1) "[i]n any prosecution for larceny committed by trespassory taking or embezzlement, it is an affirmative defense that the property was appropriated under a claim of right made in good faith." The defendant's grand jury testimony indicated that the defendant's relationship with the complaining witness was that of a partner, not an employee (*see generally People v Moscato*, 251 AD2d 352, 352-353 [1998]), and that the defendant took the funds at issue under a claim of right (*see People v Zona*, 14 NY3d 488, 492-493 [2010]). Consequently, the District Attorney's failure to instruct the grand jury with respect to the definition of joint or common owner and the defense of claim of right so substantially impaired the integrity of the proceedings as to require the dismissal of the indictment (*see* CPL 210.35 [5]; *People v Caracciola*, 78 NY2d at 1022; *People v Valles*, 62 NY2d at 38; *People v Grant*, 113 AD3d at 875; *People v Samuels*, 12 AD3d 695, 698-699 [2004]).

In light of our determination, we need not reach the defend-

ant's remaining contentions. Eng, P.J., Hall, Roman and Hinds-Radix, JJ., concur.