**People v Perez**

2022 NY Slip Op 34767(U)

January 12, 2022

County Court, Westchester County

Docket Number: Indictment No. 21-0490

Judge: Robert J. Prisco

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

          -against-                                **DECISION & ORDER**

EMMANUEL VALENTIN PEREZ,

                                                   **Indictment No: 21-0490**
                         **Defendant.**
-------------------------------------------------------------------x
ROBERT J. PRISCO, J.

Defendant **EMMANUEL VALENTIN PEREZ** is charged by Indictment Number 21-0490 with one count of Manslaughter in the First Degree pursuant to Penal Law [PL] § 125.20 (1) [Count One], one count of Criminal Use of a Firearm in the First Degree pursuant to PL § 265.09 (1) (a) [Count Two], one count of Criminal Possession of a Weapon in the Second Degree pursuant to PL § 265.03 (3) [Count Three], one count of Attempted Assault in the First Degree pursuant to PL §§ 110 and 120.10 (1) [Count Four] and one count of Assault in the Second Degree pursuant to PL § 120.05 (6) [Count Five]. The charges pertain to Defendant's alleged intent to cause serious physical injury to another individual with a loaded firearm and causing the death of such individual and his attempt to cause serious physical injury to a second individual with said firearm and causing physical injury to such second individual. The above offenses are alleged to have occurred in the vicinity of 126 Valley Street in the Village of Sleepy Hollow at approximately 9:35 p.m. on June 28, 2021.

On August 23, 2021, Defendant was arraigned by the Honorable David S. Zuckerman on the charges contained in Indictment Number 21-0490. Attached to the indictment is a Criminal Procedure Law [CPL] § 710.30 (1) (a) notice regarding the People's intent to offer evidence of a statement allegedly made by the defendant to a public servant,[1] five (5) CPL § 710.30 (1) (b) notices signifying the People's intent to offer testimony regarding observations of the defendant either at the time or place of the commission of the offenses or upon some other relevant occasion

---

[1] The CPL § 710.30 (1) (a) Notice pertains to oral and electronically recorded statements allegedly made by Defendant to members of the Sleepy Hollow Police Department in Police Headquarters at approximately 4:29 p.m. on June 29, 2021. Regarding the substance of the alleged statements, reference is made to the "[d]isk [a]ttached."



FILED

1 2 2022

.. THY C. IDONI
.. TY CLERK
.. WESTC....

1

[* 1]

by witnesses who have previously identified him as such,[2] and a Demand for Notice of Alibi pursuant to CPL § 250.20.

On September 16, 2021 the People filed a Certificate of Compliance pursuant to CPL § 245.50 (1) which includes a "Statement of Readiness," wherein "[t]he People confirm and announce their readiness for trial on all counts charged."

Thereafter, Defendant filed a Notice of Motion and Affirmation, both dated November 11, 2021, seeking various forms of judicial intervention and relief.

On December 13, 2021, the People filed an Affirmation in Opposition and Memorandum of Law, along with an unredacted certified copy of the stenographic transcript of the July 15, 2021 Grand Jury proceeding.

Additionally, the Court has been supplied with a copy of the People's Discovery Disclosure Index pursuant to CPL §§ 245.20 and 245.50, which includes but is not limited to disclosures pertaining to Grand Jury testimony, exculpatory and impeachment information, and tangible objects possessed by Defendant. The Court is also in receipt of the People's demand for reciprocal discovery pursuant to CPL § 245.20 (4) and a "USB" drive containing the Grand Jury exhibits.

After consideration of the above referenced submissions and the unredacted certified stenographic transcript of the July 15, 2021 Grand Jury proceedings, the Court decides Defendant's Motion as follows:

**1. MOTION FOR RELEASE OF THE GRAND JURY MINUTES TO DEFENDANT, INSPECTION THEREOF, AND DISMISSAL OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 21-0490 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED.**

Citing CPL § 210.30 (3), Defendant requests that the Court "direct the release of the Grand Jury minutes to the Defendant for the purpose of formulating appropriate motions against the Indictment" (*see* Point A (3), Pages 5-6, of Defendant's Affirmation). Additionally, "Defendant requests that the Court inspect the Grand Jury Minutes...for the purpose of determining whether

---

[2] The CPL § 710.30 (1) (b) notices pertain to a photographic array identification that allegedly occurred at approximately 8:31 p.m. on June 29, 2021 at the Sleepy Hollow Police Department and four (4) single photograph identifications that allegedly occurred at approximately 12:34 a.m., 2:15 a.m., 4:06 a.m. and 4:49 a.m. on June 29, 2021, at the same location.

the evidence before the Grand Jury was properly presented and legally sufficient to support the charges in the Indictment and whether the District Attorney's legal instructions were valid and sufficient" (*see* Point B (4), Page 6, of Defendant's Affirmation). Relying upon CPL §§ 210.20 (1) (a) and (b), 210.25 and 210.30, Defendant further moves "to dismiss the Indictment upon insufficient evidence, improper presentation due to excessive leading, lack of testimonial capacity, defective charge grounds and for such other reasons as a full inspection of the Grand Jury minutes may reveal" (*see* Point B (5), Page 6, and Point B (8), Page 9, of Defendant's Affirmation). Lastly, Defendant requests that the Court review and evaluate a list of "potential errors or defects in the Grand Jury presentation…in connection with this motion to inspect and dismiss" (*see* Point 6 (a)-(r), Pages 7-8, of Defendant's Affirmation).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court only and contend that the indictment is supported by legally sufficient evidence (*see* Points A & B, Pages 1-3, of the People's Memorandum of Law), and that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Points A & B, Pages 3-5, of the People's Memorandum of Law).

Initially, regarding Defendant's request for the Grand Jury minutes in their entirety, this Court notes that CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes and is specifically cited by Defendant in support of this request (*see* Point A, Page 1, of Defendant's Notice of Motion and Point A (3), Pages 5-6, of Defendant's Affirmation), speaks only to the release of "grand jury *testimony* (emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcript of the testimony of the ten (10) witnesses who testified before the Grand Jury,[3] the defendant's request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury

---

[3] Item B of the Discovery Disclosure Index indicates that "[a]ll transcripts of persons who have testified before a grand jury have been provided" to the defendant on September 8, 2021 via the "Pro Portal."

3

proceedings, having examined an unredacted certified copy of the stenographic transcript of the July 15, 2021 presentation.

On July 15, 2021, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty (20) grand jurors were present. The subsequent 20-0 vote to indict Defendant on the five charges presented for their consideration satisfies this Court that the twenty (20) grand jurors who deliberated and voted on the charges contained in Indictment Number 21-0490 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills,* 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan*, 125 AD3d at 696; *People v Woodson,* 105 AD3d 782, 783 [2d Dept 2013]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan,* 69 NY2d 976, 979 [1987]; *see People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment

4

Number 21-0490.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Williams,* 171 AD3d at 805; *People v Burch,* 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). In the case at bar, the Court finds that no such wrongdoing, conduct or errors occurred.

While a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021 [1991]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110 [2d Dept 2017]; *People v Burch,* 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.,* 49 NY2d at 394-395; *see People v Valles*, 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson,* 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copy of the stenographic transcript of the Grand Jury presentation on July 15, 2021, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss the charges

5

contained within Indictment Number 21-0490 is denied.

## 2. DEMAND TO PRODUCE; REQUEST FOR BILL OF PARTICULARS

Pursuant to CPL § 245.20, Defendant moves for an order "[d]irecting the District Attorney...to furnish the Defendant with Discovery and Inspection as to the item[s] set forth in the Demand to Produce Discovery and Request for Bill of Particulars" (*see* Point C, Pages 1-2, of Defendant's Notice of Motion and Points C (9)-(10), Pages 8-9, of Defendant's Affirmation).[4]

In response, the People "consent to discovery pursuant to CPL 245.20," oppose discovery "to the extent it exceeds CPL Article 245," and assert that they "have [already] provided to defendant substantial discovery" (*see* Point C, Page 6, of the People's Memorandum of Law). The People further acknowledge "their continuing obligation to disclose exculpatory evidence that is within their possession pursuant to *Brady v Maryland* (373 US 83 [1963]) and *People v Fein* (18 NY2d 162 [1966]),"[5] state that "[t]o the extent such material becomes known and is in possession of the people, it will be provided to the defendant...[and represent that they] have or will comply with their obligations under CPL 245.20 (1) (k), (1), and (p)"[6] (*see* Point C, Page 7, of the People's Memorandum of Law). The People also advise that they will "provide under separate cover, a copy of a Bill of Particulars" (*see* Point C, Page 7, of the People's Memorandum of Law).

Pursuant to CPL § 245.50 (1), the People served and filed a Certificate of Compliance dated September 16, 2021, certifying that, after exercising due diligence and making reasonable inquiry to ascertain the existence of material and information subject to discovery, they have disclosed and made available to Defendant all known material and information subject to

---

[4] The Court notes that while defense counsel states that copies of the Request for Bill of Particulars and Demand to Produce are annexed to the motion papers as "Exhibit A" (*see* Point C (9), Page 9, of Defendant's Affirmation), no such documents are annexed to the motion papers provided to the Court. Further, Defendant's repeated reference in his Affirmation to various sections of CPL Article 240 in support of his motion for discovery is interpreted as being brought pursuant to CPL Article 245, which replaced Article 240, effective January 1, 2020.

[5] The People also acknowledge their obligation "to disclose the terms of any deal or agreement between the government and any prosecution witness under the guidelines set forth in *Giglio v United States* (405 US 150 [1972])" (*see* Page 7, Footnote 1, of the People's Memorandum of Law).

[6] The Court notes that Item K of the Discovery Disclosure Index, which refers to "Exculpatory and Impeachment Information" is checked off and direction is given to see the "Discovery Disclosure Addendum Pursuant to C.P.L. § 245.20 (1) (K)."

6

discovery. In addition, the People served and filed a Discovery Disclosure Index identifying the material and information that was provided and made available to Defendant.

Accordingly, as the People have presumably satisfied the requirements of CPL § 245.50 (1) by providing the discovery required by CPL § 245.20 (1), serving upon the defendant and filing with the Court a Certificate of Compliance, and specifically identifying the material and information provided, Defendant's request for discovery and production is denied as moot. If Defendant has specific challenges or questions related to the Certificate of Compliance that was served and filed by the People in this matter, such challenges or questions must be addressed by motion (CPL § 245.50 (4)). If there are no specific challenges or questions regarding the Certificate of Compliance, Defendant should have performed his reciprocal discovery obligations, subject to constitutional limitations, no later than thirty (30) calendar days after being served therewith (CPL § 245.20 (4)).

Notwithstanding the above, CPL § 245.20 (2) directs the prosecutor to make a diligent, good faith effort to ascertain the existence of material and information discoverable under CPL § 245.20 (1) and to cause such material or information to be made available for discovery where it exists but is not within the prosecutor's possession, custody or control. If the People subsequently learn of additional discoverable material or information, they must expeditiously notify and disclose such material and information to the defense, including material or information that became relevant to the case or discoverable based on reciprocal discovery received from the defendant (*see* CPL § 245.60). In such case, they are also required to serve upon Defendant and file with the Court a Supplemental Certificate of Compliance identifying the additional material and information provided (CPL § 245.50 (1)).

The People are respectfully reminded to remain cognizant of their discovery obligations not only as required by *Brady, Giglio, People v Geaslen*, 54 NY2d 510 [1981], and their respective progeny, but also as mandated by CPL Article 245. Specifically, CPL § 245.20 (1) (k) requires that the prosecutor disclose "[a]ll evidence and information, including that which is known to police or other law enforcement agencies acting on the government's behalf in this case, that tends to: (i) negate the defendant's guilt as to a charged offense; (ii) reduce the degree of or mitigate the defendant's culpability as to a charged offense; (iii) support a potential defense to a charged offense; (iv) impeach the credibility of a testifying prosecution witness; (v) undermine evidence

7

of the defendant's identity as a perpetrator of a charged offense; (vi) provide a basis for a motion to suppress evidence; or (vii) mitigate punishment" and such disclosure must occur expeditiously upon its receipt, "whether or not such information is recorded in tangible form and irrespective of whether the prosecutor credits the information."

Pursuant to CPL § 245.20 (1) (l), the People must also disclose "a summary of all promises, rewards and inducements made to, or in favor of, persons who may be called as witnesses, as well as requests for consideration by persons who may be called as witnesses and copies of all documents relevant to a promise, reward or inducement."

Accordingly, should the People ascertain the existence of *Brady, Geaslen*, or *Giglio* material, or of any of the materials and information itemized in CPL § 245.20 (1) (k) and (l), through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon its receipt.

As to Defendant's request for a Bill of Particulars, CPL § 200.95 (2) requires that "the prosecutor shall, within fifteen days of the service of the request [for such] or as soon thereafter as is practicable, serve upon the defendant or his attorney, and file with the court, the bill of particulars." While the People have not served and filed a written statement which is titled a "Bill of Particulars," all of the factual information that CPL § 200.95 (1) (a) requires a Bill of Particulars to specify is included within the factual portion of the People's Affirmation in Opposition (*see* Pages 1-6) and the disclosures reflected within the served and filed Discovery Disclosure Index (*see People v Tije*, 60 Misc3d 1208(A), 2018 NY Slip Op 51024(U) [Crim Ct, New York County 2018]; *People v Mohamed*, 58 Misc3d 1205(A), 2018 NY Slip Op 50001(U) [Crim Ct, New York County 2018]; *People v Newton*, 57 Misc3d 545, 549 [Crim Ct, New York County 2017]). N

Notwithstanding the above, as the People have consented to provide under separate cover, a copy of a Bill of Particulars, they are directed to do so forthwith.

## 3. MOTION TO SUPRESS STATEMENTS.

Citing CPL § 710.60 (4) and *People v Huntley*, 15 NY2d 72 (1965), "[t]he Defendant moves to suppress [his] statements or, in the alternative, requests a hearing to determine the admissibility of such statements at trial, including their use on cross-examination" (*see* Point D

(31), Page 14, of Defendant's Affirmation). Specifically, Defendant contends that the alleged statements "were the result of coercion and were involuntary within the meaning of C.P.L. Section 60.45" (*see* Point D (29), Pages 13-14, of Defendant's Affirmation) and "were obtained in violation of the standards set forth for custodial interrogation in *Miranda v Arizona*" (*see* Point D (30), Page 14, of Defendant's Affirmation).

In response, "[t]he People consent to an evidentiary *Huntley* Hearing to determine whether [Defendant's] statements were spontaneous and [thus] admissible for the People's direct case" (*see* Point D, Page 8, of the People's Memorandum of Law).

Accordingly, on consent, Defendant's motion to suppress statements is granted to the extent that a *Huntley* hearing will be conducted to determine the voluntariness and admissibility of the noticed statements allegedly made by Defendant to members of the Sleepy Hollow Police Department in Police Headquarters at approximately 4:29 p.m. on June 29, 2021.

## 4. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

While not addressed in his Affirmation, Defendant, citing *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], moves to suppress the physical evidence recovered in this matter and claims that there was an "[u]nlawful stop and arrest" (*see* Points E and F, Page 2, of Defendant's Notice of Motion).

In response, the People consent to such hearings and contend that "the Court will find that all evidence was legally and constitutionally recovered and admissible and the defendant's arrest was predicated upon probable cause" (*see* Point E, Page 9, of the People's Memorandum of Law).

Accordingly, upon consent, Defendant's motion for suppression of physical evidence is granted to the extent that *Mapp* and *Dunaway* hearings will be conducted to determine the legality of the evidence's recovery/seizure and its admissibility at trial.

## 5. RESERVATION OF RIGHTS TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Point E, Page, 14, of Defendant's Affirmation) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in

[* 9]

conformity with the time provisions and motions practice set forth in CPL §§ 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL §§ 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).



FILED

JAN 1 2 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
January 12, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

10

To: HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Perry P. Perrone

WILLIAM T. MARTIN, ESQ.
Attorney for Defendant Emmanuel Valentin Perez
108 Village Sq., Ste. 143
Somers, New York 10589