| |
|---|
| **People v Lucas** |
| 2022 NY Slip Op 34814(U) |
| September 15, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 71289-22 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

     -against-

SHAWN LUCAS,

FILED

SEP 15 2022

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

DECISION & ORDER

Indictment No: 71289-22

------------------------------------------------------------x

ROBERT J. PRISCO, J.

     Defendant **SHAWN LUCAS** is charged by Indictment Number 71289-22 with Robbery in the Second Degree pursuant to Penal Law [PL] § 160.10 (2) (b) [Count One], Criminal Possession of a Weapon in the Third Degree pursuant to PL § 265.02 (1) [Count Two], Grand Larceny in the Fourth Degree pursuant to PL § 155.30 [Count Three], and Petit Larceny pursuant to PL § 155.25 [Count Four]. The charges pertain to Defendant's alleged forcible theft of property from an individual while possessing and displaying what appeared to be a revolver. The above offenses are alleged to have been committed by Defendant, who has a purported previous conviction for Attempted Assault in the Second Degree, in the vicinity of 17 Highland Place in the City of Yonkers, at approximately 7:54 p.m., on December 27, 2021.

     On June 10, 2022, Defendant was arraigned by this Court on the charges contained in Indictment Number 71289-22. Attached to the indictment are an Information accusing Defendant of having previously been convicted of Attempted Assault in the Second Degree in the County of Westchester on or about March 1, 2007, a CPL § 710.30 (1) (a) Notice regarding the People's intent to offer evidence of statements allegedly made by the defendant to members of the City of Yonkers Police Department,[1] and the People's Demand for a Notice of Alibi pursuant to CPL § 250.20 (1).

     A Notice of Motion, an Attorney's Affirmation in Support of Omnibus Motion (hereinafter "Attorney's Affirmation"), and a Memorandum of Law in Support of Defendant's Pre-Trial

---

[1] The CPL § 710.30 (1) (a) notice pertains to oral statements that were allegedly recorded electronically and made by Defendant in the vicinity of 6 Wells Avenue in the City of Yonkers at approximately 10:15 p.m. on December 27, 2021.

1

Motions (hereinafter "Memorandum of Law"), all dated July 25, 2022, were filed by Defendant, seeking various forms of judicial intervention and relief.

On August 12, 2022, the People filed with the Court via email an Affirmation in Opposition and a Memorandum of Law. The People also provided the Court with an unredacted certified copy of the stenographic transcript of the May 11, 2022 Grand Jury proceeding, along with copies of the Grand Jury exhibits that were received in evidence.

After consideration of the above referenced submissions and the unredacted certified stenographic transcript of the May 11, 2022 Grand Jury proceeding, the Court decides Defendant's Motion as follows:

## 1. MOTION FOR INSPECTION OF GRAND JURY MINUTES AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 71289-22 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED.

Citing CPL §§ 210.20 (1) (b), (1-a) and 210.30, Defendant requests that the Court inspect the minutes of the Grand Jury proceeding and dismiss Indictment Number 71289-22 or certain counts thereof "as not supported by legally sufficient evidence" (*see* Paragraph (a), Page 1, of Defendant's Notice of Motion and Point I, Page 3, of Defendant's Memorandum of Law).[2] Defendant also requests inspection of the minutes of the Grand Jury proceeding to determine whether the provided instructions were legally sufficient and proper and whether the Grand Jury proceeding was defective (*see* Point I (a)- (t), Pages 3-6, of Defendant's Memorandum of Law).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court, contend that the indictment is supported by legally sufficient evidence (*see* Point A, Pages 6-7, of the People's Memorandum of Law), oppose inspection thereof by Defendant (*see* Point A, Page 6, of the People's Memorandum of Law), and assert that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point A, Pages 7-8, of the People's Memorandum of Law).

To the extent that Defendant is requesting the Grand Jury minutes in their entirety, CPL § 245.20 (1) (b) provides for automatic discovery of "[a]ll transcripts of the *testimony* of a person who has testified before a grand jury" (emphasis added). Similarly, CPL § 210.30 (3), which addresses motions to inspect grand jury minutes, speaks only to the release of "grand jury *testimony*

---

[2] Defendant also requests that the Court "determine whether the evidence was sufficient to establish that defendant...was properly identified as the perpetrator of the alleged crimes" (*see* Point I, Page 3, of Defendant's Memorandum of Law).

[* 2]

(emphasis added)." Accordingly, as there exists no statutory authority for the release to Defendant of those portions of the Grand Jury minutes that constitute colloquy or instructions and as the People have complied with the discovery mandate of CPL § 245.20 (1) (b) by providing the defendant with the transcript of the testimony of the five (5) witnesses who testified before the Grand Jury, the defendant's request for the Grand Jury minutes in their entirety is denied.

The Court has conducted an in-camera review of the entirety of the Grand Jury proceeding, having examined an unredacted certified copy of the stenographic transcript of the May 11, 2022 presentation.

On May 11, 2022, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty-two (22) grand jurors were present. In addition, prior to submitting the charges for the Grand Jury's consideration and providing instructions thereon, the People specifically inquired of and confirmed with the foreperson that twenty-two (22) grand jurors had been present throughout the presentation. Accordingly, the record establishes that the twenty-two (22) grand jurors who deliberated and voted on the charges contained in Indictment Number 71289-22 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll*, 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills,* 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Castro*, 202 AD3d 815, 816 [2d Dept 2022], quoting *People v Bello*, 92 NY2d at 526; *see People v Addimando*, 197 AD3d 106, 121 [2d Dept 2021]; *People v Ryan*, 125 AD3d at 696; *People v Woodson,* 105 AD3d 782, 783 [2d Dept

3

2013]; *People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan*, 69 NY2d 976, 979 [1987]; *see People v Castro*, 202 AD3d at 816; *People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]; *People v Arcila*, 152 AD3d 783, 784 [2d Dept 2017], *lv. denied* 30 NY3d 978 [2017]).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charges contained in Indictment Number 71289-22.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v J.S. Atl. Dental, P.C.*, 202 AD3d 708, 709 [2d Dept 2022]; *People v Addimando*, 197 AD3d at 121; *People v Williams*, 171 AD3d at 805; *People v Burch*, 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). In the case at bar, the Court finds that no such wrongdoing, conduct or errors occurred.

While a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.*, 49 NY2d 389, 394 [1980]; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch*, 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient

4

evidence to establish the material elements of the crime" (*People v Calbud, Inc.*, 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Ruvalcaba*, 187 AD3d 1553, 1554 [4th Dept 2020], *lv. denied* 36 NY3d 1053 [2021]; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson*, 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-Pomaeyna*, 72 AD3d at 988).

Here, after an in-camera review of the unredacted certified copy of the stenographic transcript of the Grand Jury presentation on May 11, 2022, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charges contained within Indictment Number 71289-22 is denied.

## 2. MOTION TO SUPPRESS STATEMENTS.

Citing CPL Article 710 and sections thereof, Defendant moves to suppress "evidence of statements made by the defendant" (*see* Paragraph (b), Page 1, of Defendant's Notice of Motion and Point II, Page 7, of Defendant's Memorandum of Law). In the alternative, Defendant requests that the Court conduct a "***Huntley*** hearing" (*see* Paragraph (b), Page 1, of Defendant's Notice of Motion). Specifically, Defendant contends that the "statements were made involuntarily and in violation of the defendant's rights under the Fifth, Sixth and Fourteenth Amendments to the United States Constitution, Article I, Section 6 of the New York Constitution and CPL 60.45 (2)" (*see* Point II, Page 7, of Defendant's Memorandum of Law). Defendant further moves pursuant to CPL § 710.20 (4), "to suppress all evidence, including tangible property, identification evidence and any other statements of defendant, which were obtained as a result of or due to the…unlawfully obtained statement…[as] 'fruits of the poisonous tree'" (*see* Point II, Page 7, of Defendant's Memorandum of Law).

As to Defendant's claim that his Fifth Amendment rights were violated, the People contend that "Defendant's motion to suppress the noticed statements [on this ground] should be denied following a hearing pursuant to *People v Huntley*, 15 NY2d 72 (1965) and CPL 710.60 (4)" (*see* Point B, Page 11, of the People's Memorandum of Law).

Regarding Defendant's Sixth Amendment violation claim, the People again argue that Defendant's motion should be denied because "defendant has failed to provide any facts in support thereof" and that "at the time defendant made his statements, no accusatory instrument had been

5

filed, no attorney actually entered the case, nor did defendant invoke his right to counsel" (*see* Point B, Pages 14-15, of the People's Memorandum of Law).

With respect to Defendant's Fourteenth Amendment violation claim, Defendant does not specify the provision of the Fourteenth Amendment that he is referring to and the People do not address Defendant's claim. Rather, the People address a Fourth Amendment violation claim that was not raised by the defendant in, his papers (*see* Point B, Pages 9-11, of the People's Memorandum of Law).

As the People have impliedly consented to a hearing to address Defendant's claim of a Fifth Amendment violation, Defendant's motion to suppress statements is granted to the extent that a hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], will be conducted to determine the voluntariness and admissibility of the noticed statements allegedly made by Defendant to members of the Yonkers Police Department at approximately 10:15 p.m. on December 27, 2021.

## 3. MOTION TO SUPPRESS PHYSICAL EVIDENCE.

Citing CPL Article 710, *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], Defendant moves to suppress any "tangible property seized from [him] and any items, property or statements derived therefrom as such seizure occurred in violation of rights secured to [him] under the Constitutions of the United States and the State of New York" (*see* Paragraph (c), Page 1, of Defendant's Notice of Motion). Specifically, Defendant argues that "there was insufficient probable cause for the stop and search of the defendant" and that "[a]t no time, did the defendant validly consent to a search of his person or property, or to a removal of such property" (*see* Point III, Page 8, of Defendant's Memorandum of Law and Paragraph 5, Page 2, of Attorney's Affirmation). In the alternative, Defendant requests that the Court conduct pretrial *Dunaway* and *Mapp* hearings (*see* Point III, Page 8, of Defendant's Memorandum of Law and Paragraph 5, Page 2, of Attorney's Affirmation).

In response, the People assert that Defendant's motion should be denied as he has failed to put forward sworn allegations of fact in support of his claim, that he lacks standing to contest the recovery of the "SNR .357 revolver imitation firearm," and that the physical evidence in this case was recovered lawfully (*see* Point C, Pages 16-18, of the People's Memorandum of Law).

Upon the issues raised by Defendant, his motion to suppress physical evidence is granted to the extent that *Mapp* and *Dunaway* hearings will be conducted to determine whether the physical

6

evidence in this matter was lawfully recovered/seized.

## 4. MOTION FOR *SANDOVAL* AND *VENTIMIGLIA* HEARINGS.

Pursuant to *People v Sandoval*, 34 NY2d 371 [1974], and *People v. Ventimiglia*, 52 NY2d 350 [1981], Defendant requests hearings to determine "the scope of cross-examination of the defendant regarding so-called acts of misconduct" and "to test the admissibility of the evidence of so-called uncharged crimes and/or prior similar acts of the defendant which the People intend to introduce on their direct case or case-in-chief" (*see* Paragraph (d), Page 2, of Defendant's Notice of Motion and Point IV, Page 9, of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Point D, Page 19, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case, the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*see* Point D, Page 19, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for purposes of impeaching his credibility or as substantive proof of any material issue in the case, and designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each

7

listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

## 5. RESERVATION OF RIGHTS TO MAKE ADDITIONAL PRE-TRIAL MOTIONS.

Defendant's request to make additional pre-trial motions (*see* Page 2 of Defendant's Notice of Motion and Page 10 of Defendant's Memorandum of Law) is granted to the extent that, if sought, he will be required to serve and file an Order to Show Cause detailing the reason(s) why said motions were not brought in conformity with the time provisions and motions practice set forth in CPL § 255.20 (1) and (2), respectively.

However, notwithstanding the provisions of CPL § 255.20 (1) and (2), this Court will "entertain and decide on its merits, at any time before the end of the trial, any appropriate pre-trial motion based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised within the period specified in [CPL § 255.20 (1)] or included within the single set of motion papers as required by [CPL § 255.20 (2)]" (CPL § 255.20 (3); *see People v Wisdom*, 23 NY3d 970, 972 [2014]; *People v Marte,* 197 AD3d 411, 413 [1st Dept 2021]; *People v Burke*, 174 AD3d 915, 915 [2d Dept 2019]; *People v Milman*, 164 AD3d 609, 610 [2d Dept 2018]).

The foregoing constitutes the Decision and Order of this Court.

Dated: White Plains, New York
September 15, 2022

_____
HONORABLE ROBERT J. PRISCO
County Court Judge

8

[* 8]