■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v LAWRENCE SINGLETON, Respondent.—Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Chetta, J.), dated November 28, 1984, as amended December 19, 1984, as, upon reargument of that branch of the defendant's omnibus motion which was to dismiss the indictment, adhered to so much of its prior determination contained in a prior order of the same court, dated October 22, 1984, as dismissed counts one, two, three and four of indictment No. 1712/84.

Ordered that the order dated November 28, 1984, as amended December 19, 1984, is reversed insofar as appealed

from, so much of the order dated October 22, 1984 as dismissed counts one, two, three and four of indictment No. 1712/84 is vacated, those counts of the indictment are reinstated, and the matter is remitted to the Supreme Court, Queens County, for further proceedings.

The defendant was charged, *inter alia*, with robbery in the first degree (Penal Law § 160.15 [4]), robbery in the second degree (Penal Law § 160.10 [2] [b]), criminal use of a firearm in the first degree (Penal Law § 265.09 [2]) and criminal use of a firearm in the seventh degree (Penal Law § 265.08 [2]). It is an element of each of these crimes that the defendant "displays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm". However, each of the first four counts of the indictment alleged only that the defendant "displayed what appeared to be handgun". Because the term "handgun" is not specifically included within the definition of a "firearm" *(see,* Penal Law § 265.00 [3]) and is not among any of the enumerated implements contained in the statutes defining the crimes with which the defendant was charged, Criminal Term dismissed the first four counts of the indictment, concluding that they did not satisfy the requirements of CPL 200.50 (7). We disagree.

CPL 200.50 (7) requires that an indictment contain the following:

"A plain and concise factual statement in each count which, without allegations of an evidentiary nature,

"(a) asserts facts supporting every element of the offense charged and the defendant's or defendants' commission thereof with sufficient precision to clearly apprise the defendant or defendants of the conduct which is the subject of the accusation; and

"(b) in the case of any armed felony, as defined in subdivision forty-one of section 1.20, states that such offense is an armed felony and specifies the particular implement the defendant or defendants possessed, were armed with, used or displayed or, in the case of an implement displayed, specifies what the implement appeared to be".

Because each of the four counts under consideration charged an armed felony *(see,* CPL 1.20 [41]), it was necessary that the factual statement in each count comply with the requirements of both paragraphs of CPL 200.50 (7).

In determining whether the four counts of the indictment at issue in this case satisfied the statutory requirements, we are mindful that "the basic essential function of an indictment

\* \* \* is simply to notify the defendant of the crime of which he stands indicted" *(People v Iannone,* 45 NY2d 589, 598). Viewed in this context, the term "handgun" in the indictment constituted sufficient factual support for the subject element of the offenses charged *(see,* CPL 200.50 [7] [a]), as well as a sufficiently specific description of what the implement allegedly displayed by the defendant appeared to be *(see,* CPL 200.50 [7] [b]). Bracken, J. P., Rubin, Eiber and Sullivan, JJ., concur.