People v Williams (2020 NY Slip Op 06157)





People v Williams


2020 NY Slip Op 06157


Decided on October 28, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 28, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
SYLVIA O. HINDS-RADIX, JJ.


2016-12914
 (Ind. No. 2560/14)

[*1]The People of the State of New York, respondent,
v
Charles Williams, appellant.


Lebedin Kofman LLP, New York, NY (Russ Kofman of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Joseph N. Ferdenzi of counsel; Eleanor Reilly on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John B. Latella, J.), rendered December 5, 2016, convicting him of criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Deborah Stevens Modica, J.) of the defendant's motion to controvert a search warrant and suppress physical evidence seized in the execution thereof and the denial, after a hearing (Robert C. Kohm, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant was arrested following an incident in which, pursuant to a search warrant, the police entered his apartment and recovered, inter alia, two rifles and one bag of marijuana. The search warrant was based on information from a confidential informant. After being read his Miranda rights (see Miranda v Arizona, 384 US 436) at the precinct station house, the defendant provided a written statement.
The Fourth Amendment to the United States Constitution provides that "no Warrants shall issue, but upon probable cause, . . . and particularly describing the place to be searched, and the . . . things to be seized" (US Const Amend IV). "To establish probable cause, a search warrant application must provide sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Coleman, 176 AD3d 851, 851 [internal quotation marks omitted]). Where probable cause is established through hearsay information provided by a confidential informant, the warrant application must also demonstrate the veracity or reliability of the source of the information, and the basis of the informant's knowledge (see People v Griminger, 71 NY2d 635, 639). There is "no one acid test of reliability" (People v Rodriguez, 52 NY2d 483, 489). A confidential informant may be considered reliable "where details of his [or her] story have been confirmed by police observation" (id. at 489). The particularity requirement of the Fourth Amendment "prohibit[s] law enforcement agents from undertaking a general exploratory search of a person's belongings" (People v Brown, 96 NY2d 80, 84). "A search conducted pursuant to a warrant that fails to conform to the particularity requirement of the Fourth Amendment is unconstitutional" (People v Melamed, 178 AD3d 1079, 1081 [internal quotation marks omitted]).
Here, the search warrant, which authorized a search of the defendant's home for a gun, was predicated on a confidential informant's personal observation of the defendant holding a gun outside his home, then going inside his home, and returning outside without it. The police affidavit submitted in support of the search warrant application contained ample factual allegations of criminal conduct at the defendant's home to justify the issuance of the warrant and contained sufficient particularity (see People v Telesco, 207 AD2d 920, 920; cf. People v Fulton, 49 AD3d 1223, 1223). Accordingly, we agree with the Supreme Court's determinations denying the defendant's motion to controvert the search warrant and to suppress the physical evidence seized in the execution thereof, and that branch of his omnibus motion which was to suppress that physical evidence.
"On a motion to suppress a statement on the ground that it was involuntarily made, the People bear the burden of proving voluntariness beyond a reasonable doubt" (People v Black, 172 AD3d 895, 896). "To do that, they must show that the statements were not products of coercion, either physical or psychological, or, in other words, that they were given as a result of a free and unconstrained choice by their maker" (People v Thomas, 22 NY3d 629, 641 [internal quotation marks and citation omitted). "If the People meet their burden" and establish that the defendant's statements were voluntary, "the defendant then bears the burden of persuasion" (People v Plass, 160 AD3d 771, 772). "A hearing court's credibility determinations are entitled to deference and will not be disturbed unless they are not supported by the record" (id. at 772-773).
Here, the evidence established that the defendant's written statement was not the result of coercion or duress. Accordingly, we agree with the Supreme Court's determination denying that branch of the defendant's omnibus motion which was to suppress his statement to law enforcement officials.
RIVERA, J.P., ROMAN, COHEN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court