People v Taylor (2022 NY Slip Op 00774)





People v Taylor


2022 NY Slip Op 00774


Decided on February 4, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, WINSLOW, AND BANNISTER, JJ.


941 KA 17-01864

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
LAQUAN TAYLOR, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, PLLC, SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered February 17, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree, robbery in the first degree, attempted robbery in the first degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]) and robbery in the first degree (§ 160.15 [4]), arising from two separate incidents. We affirm.
Contrary to defendant's contention, County Court did not err in granting the People's motion to amend the indictment to conform to the proof. Such a motion may be granted "provided the amendment does not change the theory of the prosecution or otherwise serve[] to prejudice the defendant on the merits" (People v Spann, 56 NY2d 469, 473 [1982]; see CPL 200.70 [1]). Here, the indictment charged defendant with respect to the second incident with having "fired two shots from a handgun at close range, striking the victim twice and causing his death." As amended and charged to the jury, the indictment alleged with respect to the second incident that defendant "fired three shots from a handgun, at close range, striking the victim, and causing his death." We conclude that the amendment neither changed the theory of the prosecution, nor caused any prejudice to defendant (see Spann, 56 NY2d at 473-474; People v Davis, 167 AD2d 862, 863 [4th Dept 1990], lv denied 77 NY2d 876 [1991]; People v Johnson, 115 AD2d 794, 795 [3d Dept 1985]).
Defendant further contends that his Antommarchi rights were violated because he was not present at the sidebar conference wherein the People initially moved to amend the indictment. We reject that contention. Here, the court "essentially replicated de novo in defendant['s] . . . presence the sidebar conference," and "the record supports the conclusion . . . that defendant . . . was given a full and fair opportunity to give meaningful input regarding the [motion]" (People v Starks, 88 NY2d 18, 29 [1996]; cf. People v Marzug, 270 AD2d 945, 946 [4th Dept 2000]).
Defendant's contention regarding the legal sufficiency of the evidence is preserved only in part (see People v Gray, 86 NY2d 10, 19 [1995]) and, in any event, is without merit (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). Although defendant contends that the testimony of certain witnesses was incredible as a matter of law, we note that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (People v Delacruz, 193 AD3d 1340, 1341 [4th Dept [*2]2021] [internal quotation marks omitted]), and we see no reason to disturb the jury's resolution of those issues.
Because defendant failed to seek a ruling on that part of his omnibus motion seeking to sever the counts of the indictment relating to the separate incidents, we conclude that defendant has abandoned his contention regarding that part of the omnibus motion (see People v Mulligan, 118 AD3d 1372, 1376 [4th Dept 2014], lv denied 25 NY3d 1075 [2015]; People v Nix, 78 AD3d 1698, 1699 [4th Dept 2010], lv denied 16 NY3d 799 [2011], cert denied 565 US 843 [2011]).
Defendant also contends that the court deprived him of his constitutional right to a fair and impartial jury by seating a juror who did not unequivocally assure the court of his impartiality. " 'By failing to raise that challenge in the trial court, however, defendant failed to preserve it for our review' " (People v Irvin, 111 AD3d 1294, 1295 [4th Dept 2013], lv denied 24 NY3d 1044 [2014], reconsideration denied 26 NY3d 930 [2015]). Defendant also failed to preserve for our review his related contention that the court improperly failed to discharge the sworn juror as "grossly unqualified" (CPL 270.35 [1]; see People v Black, 137 AD3d 1679, 1679 [4th Dept 2016], lv denied 27 NY3d 1128 [2016], reconsideration denied 28 NY3d 1026 [2016]; People v Blackshear, 125 AD3d 1384, 1386 [4th Dept 2015], lv denied 25 NY3d 987 [2015]). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). To the extent that defendant contends that reversal is required based on the juror's contact with the court after the verdict and before sentencing, we conclude that defendant's contention is not properly before us inasmuch as he did not move to set aside the verdict on that ground (see CPL 330.30; see generally People v Brown, 265 AD2d 893, 894 [4th Dept 1999], lv denied 94 NY2d 820 [1999]; People v Santos-Sosa, 233 AD2d 833, 833 [4th Dept 1996], lv denied 89 NY2d 988 [1997]). In any event, the juror did not assert any cognizable type of jury misconduct, and his "complaints regarding the tenor and dynamics of the deliberative process, essentially amounting to belated misgivings or second thoughts, are insufficient to overturn the verdict" (People v Redd, 164 AD2d 34, 38 [1st Dept 1990]; see People v Brunson, 66 AD3d 594, 596 [1st Dept 2009], lv denied 13 NY3d 937 [2010]; People v Karen, 17 AD3d 865, 867 [3d Dept 2005], lv denied 5 NY3d 764 [2005]).
Defendant's sentence is not unduly harsh or severe. We have considered defendant's remaining contentions and conclude that none warrants modification or reversal of the judgment.
Entered: February 4, 2022
Ann Dillon Flynn
Clerk of the Court