| People v Suarez |
| :---: |
| 2022 NY Slip Op 34690(U) |
| November 28, 2022 |
| County Court, Westchester County |
| Docket Number: Indictment No. 20-70271 |
| Judge: Robert J. Prisco |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

COUNTY COURT: STATE OF NEW YORK
COUNTY OF WESTCHESTER
------------------------------------------------------------------x
THE PEOPLE OF THE STATE OF NEW YORK

    -against-

SANDRO SUAREZ,

------------------------------------------------------------------x
ROBERT J. PRISCO, J.

**DECISION & ORDER**

**Indictment No: 20-70271**

DA 133/20
Legacy

**FILED**
DEC 05 2022
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Defendant **SANDRO SUAREZ** is charged by Indictment Number 20-70271 with one count of Burglary in the Third Degree pursuant to Penal Law [PL] § 140.20 [Count One], one count of Grand Larceny in the Third Degree pursuant to PL § 155.35 (1) [Count Two], and one count of Criminal Possession of Stolen Property in the Third Degree pursuant to PL § 165.50 [Count Three]. The charges pertain to Defendant's alleged unlawful entry into the Verizon Store building located at 89 Pondfield Road, in the Village of Bronxville, and his alleged theft of property which had a value in excess of three-thousand dollars ($3,000.00). The offenses are alleged to have occurred at approximately 5:50 a.m., on October 9, 2019.

On July 11, 2022, Defendant was arraigned by this Court on the charges contained in Indictment Number 20-70271. Attached to the indictment is the People's Demand for a Notice of Alibi pursuant to Criminal Procedure Law [CPL] § 250.20.

On July 13, 2022, the People served and filed, via email, a CPL § 710.30 (1) (a) Notice regarding the People's intent to offer evidence of statements allegedly made by the defendant to a member of the Bronxville Police Department,[1] and Discovery Package Transmittal Notices from the Westchester County District Attorney's Office which delineate the date, time and method of evidentiary disclosure.

During a court appearance on July 29, 2022, the People served and filed a Notice of Motion for the Taking of Buccal Cell Samples, an Affirmation in Support of the Taking of Buccal Cell

---

[1] The CPL § 710.30 (1) (a) notice pertains to an electronically recorded oral statement that was allegedly made by Defendant at the Bronxville Police Department located at 200 Pondfield Road, in the Village of Bronxville, at approximately 8:36 p.m., on October 10, 2019.

1

Samples, and a Memorandum of Law seeking an Order "requiring the defendant to permit the taking of DNA samples from his body via buccal cell swabs," pursuant to CPL § 245.40 (1) (e).

On August 12, 2022, the People served and filed a Certificate of Compliance pursuant to CPL § 245.50 (1),[2] with an attached "Discovery Disclosure Index" that identifies the items and materials that have reportedly been disclosed or provided to defense counsel. Also attached to the Certificate of Compliance are Discovery Package Transmittal Notices from the Westchester County District Attorney's Office which delineate the dates, times and methods of such disclosures and a Westchester County Department of Laboratories & Research Static Materials Discovery Disclosure pursuant to CPL § 245.20 (1) (f), (j), and (s). Within the People's Certificate of Compliance is a "Statement of Readiness," wherein the People state that they "confirm and announce their readiness for trial on all counts charged." The Court is also in receipt of the People's Demand for Reciprocal Discovery pursuant to CPL § 245.20 (4).

On August 30, 2022, Defendant filed a Notice of Pre-Trial Motions pursuant to CPL Article 255 (hereinafter "Notice of Motion"), an Attorney's Affirmation, and a Memorandum of Law seeking various forms of judicial intervention and relief. Defendant also filed an Affirmation in Opposition to the People's Motion for the Taking of Buccal Cell Samples.

On September 12, 2022, this Court received the People's Affirmation in Opposition and Memorandum of Law in response to Defendant's motion for omnibus relief. The People also filed a Notice of Cross Motion to Amend Indictment (hereinafter "Notice of Cross Motion"), an Affirmation in Support of Cross Motion to Amend Indictment (hereinafter "Affirmation in Support of Cross Motion), and a Memorandum of Law.

The Court is also in receipt of an unredacted certified copy of the stenographic transcript of the Grand Jury proceeding dated February 26, 2020, an unredacted certified copy of the stenographic transcript of the instructions on the law dated March 3, 2020, and copies of the Grand Jury exhibits that were received in evidence. The Court has further been provided with a Search Warrant Affidavit, a Search Warrant Order, an Amended Search Warrant Affidavit, and an Amended Search Warrant Order.

---

[2] The Court is also in receipt of a Discovery Checklist, a Discovery Addendum pursuant to CPL §§ 245.10 and 245.20, a Certificate of Compliance pursuant to CPL § 245.50 (1), and a Reciprocal Discovery Demand, all filed in Bronxville Village Court on February 4, 2020.

2

After consideration of the above referenced submissions and the aforementioned unredacted certified stenographic transcripts, the Court decides Defendant's Motion as follows:

## 1. MOTION TO AMEND INDICTMENT NUMBER 20-70271.

Citing CPL § 200.70 (1), the People cross move to amend "count one of Indictment Number [20-70271] to reflect the added language of 'and unlawfully' for which evidence was presented and voted upon by the grand jury" (*see* Page 1 of the People's Notice of Cross Motion). Specifically, the People contend that the purpose of the amendment is to correct a "clerical oversight" and that such correction does not change the theory of the prosecution since the People included the language "and unlawfully" in the testimony and charge to the Grand Jury for Burglary in the Third Degree as set forth under Count One of the indictment (*see* Point I, Page 1, of the People's Memorandum of Law).

Pursuant to CPL § 200.70 (1), "a trial court may permit an indictment to be amended with respect to defects, errors or variances from the proof relating to [the] matters of form, time, place, names of persons and the like" (*People v Bloome*, 205 AD3d 1045, 1047 [2d Dept 2022], *lv. denied* 38 NY3d 1132 [2022]; *see People v Solomon*, 203 AD3d 1468, 1470 [3d Dept 2022]; *People v Winston*, 205 AD3d 32, 39 [1st Dept 2022]; *People v McLean*, 170 AD3d 1196, 1197-1198 [2d Dept 2019]; *People v LaPetina*, 34 AD3d 836, 838-839 [2d Dept 2006], *aff'd* 9 NY3d 854 [2007]). However, an indictment may not be amended to "change the theory or theories of the prosecution as reflected in the evidence before the grand jury . . . or otherwise tend to prejudice the defendant on the merits" (*People v Winston*, 205 AD3d at 39; *People v Taylor*, 202 AD3d 1461, 1461 [4th Dept 2022]; *People v McLean*, 170 AD3d at 1197-1198; *People v Guzman*, 153 AD3d 1273, 1275-1276 [2d Dept 2017]; *People v Elie*, 110 AD3d 1003, 1005 [2d Dept 2013], *lv. denied* 22 NY3d 1040 [2013]; *People v LaPetina*, 34 AD3d at 838-839; *People v Massaro*, 8 AD3d 408, 408 [2d Dept 2004], *lv. denied* 3 NY3d 678 [2004]; *People v Luna*, 270 AD2d 501, 502 [2d Dept 2000], *lv. denied* 95 NY2d 799 [2000]; CPL § 200.70 (1)). Further, "an indictment may not 'be amended for the purpose of curing [a] failure thereof to charge or state an offense or [a] [l]egal insufficiency of the factual allegations'" (*People v Solomon,* 203 AD3d at 1470, quoting CPL § 200.70 (2) (a) and (b); *see People v Placido*, 149 AD3d 1157, 1157-1158 [3d Dept 2017]; *People v Ceballos*, 98 AD2d 475, 477 [2d Dept 1984]) "or [a] misjoinder of offenses or defendants" (*People v Mayo*, 19

3

[* 3]

AD3d 710, 711-712 [3d Dept 2005]; *People v Ceballos*, 98 AD2d at 477; CPL § 200.70 (2) (c) and (d)).

Here, the People's amendment of the indictment to include the word "unlawfully" does not change the theory of the prosecution or tend to prejudice the defendant on the merits. In reviewing the unredacted certified transcript of the law provided to the Grand Jury on March 3, 2020, the instructions conveyed the correct elements of Burglary in the Third Degree. Further, while the prosecutor instructed the grand jurors on the term "Enter or remains unlawfully" pursuant to PL § 140.00 (5) without specifying the theory upon which they were proceeding, it is clear from the evidence presented that the People were proceeding under a theory of unlawful entry (*People v Green*, 105 AD3d 611, 611-612 [1st Dept 2013], *lv. denied* 21 NY3d 1015 [2013]), and "[w]hether [a] person [is] licensed or privileged to enter a building may be proved by circumstantial evidence" (*People v Henry*, 169 AD3d 1273, 1273 [3d Dept 2019], *lv. denied* 33 NY3d 1070 [2019], citing *People v Bethune*, 65 AD3d 749, 751 [3rd Dept 2009]; *see People v Daniels*, 8 AD3d 1022, 1023 [4th Dept 2004]; *Matter of Tyshawn J.*, 304 AD2d 331, 331 [1st Dept 2003]). Thus, "[t]he prosecutor's reading of the relevant statutory provisions was sufficient to enable the grand jury to determine whether [the crime of Burglary in the Third Degree] was committed and whether legally sufficient evidence existed to establish the material elements of that crime" (*People v Green*, 105 AD3d at 612; *People v Calbud, Inc.* 49 NY2d 389, 394-396 [1980]; *People v Scott*, 175 AD2d 625, 626 [4th Dept 1991], *lv. denied* 78 NY2d 1130 [1991]).

Accordingly, the People's cross motion is granted to the extent that Count One is amened to reflect that "The Defendant, in the Village of Bronxville, County of Westchester and State of New York, on or about October 9, 2019, did knowingly and unlawfully enter a building with intent to commit a crime therein."

**2. MOTION TO DISMISS INDICTMENT NUMBER 20-70271 FOR FACIAL INSUFFICIENCY.**

Citing CPL § 210.25 (1), Defendant moves to dismiss the indictment on the ground that "it does not substantially conform to the requirements stated in [CPL] Section 200.50 (7) (a)...[as] [t]here is no plain and concise factual statement supporting every element of the offense(s) charged and Mr. Suarez' commission thereof with sufficient precision to clearly apprise him of the conduct

4

which is the subject of the accusation" (*see* Point A, Page 2, of Defendant's Notice of Motion and Point A, Page 1, of Defendant's Memorandum of Law).

In response, the People assert that Defendant's motion should be denied as the instant indictment provides facts that support every element of the offenses charged and "does so in the language of the statute" (*see* Point A, Page 1, of the People's Memorandum of Law).

"The essential purpose of a criminal indictment is to provide a defendant 'with fair notice of the accusations made against him, so that he will be able to prepare a defense'" (*People v Winston*, 205 AD3d at 38, quoting *People v Iannone*, 45 NY2d 589, 594 [1978]; *see People v Morris*, 61 NY2d 290, 293 [1984]; *People v Williams*, 132 AD3d 785, 785-786 [2d Dept 2015], *lv. denied* 26 NY3d 1151 [2016], *recon. denied* 27 NY3d 1009 [2016]; *People v Atta*, 126 AD3d 713, 715 [2d Dept 2015], *lv. denied* 25 NY3d 1159 [2015]). "An indictment must contain 'a plain and concise factual statement in each count which, without allegations of an evidentiary nature,...asserts facts supporting every element of the offense charged and the defendant's...commission thereof with sufficient precision to clearly apprise [him] of the conduct which is the subject of the accusation'" (*People v Nunez-Garcia*, 178 AD3d 1087, 1088 [2d Dept 2019], *lv. denied* 35 NY3d 943 [2020]), citing CPL § 200.50 (7) (a); *see People v Grega*, 72 NY2d 489, 498 [1988]; *People v Morris*, 61 NY2d at 293; *People v Iannone*, 45 NY2d at 598; *People v Rice*, 172 AD3d 1616, 1617 [3d Dept 2019]; *People v Singleton*, 130 AD2d 598, 599 [2d Dept 1987], *aff'd* 72 NY2d 845 [1988]).

Here, each of the three (3) counts contained in Indictment Number 20-70271 contains a statement that satisfies the requirements of CPL § 200.50 (7) (a), the cases cited above, and further provides the date on which the conduct is alleged to have occurred (*see* CPL § 200.50 (6); *People v Henry*, 183 AD3d 607, 608 [2d Dept 2020]; *People v Atta*, 126 AD3d at 715]). Accordingly, Defendant's motion to dismiss Indictment Number 20-70271 for facial insufficiency is denied.


**3. MOTION FOR INSPECTION OF GRAND JURY MINUTES AND DISMISSAL OR REDUCTION OF THE CHARGES CONTAINED IN INDICTMENT NUMBER 20-70271 DUE TO THE LEGAL INSUFFICIENCY OF THE EVIDENCE PRESENTED AND THE INSTRUCTIONS PROVIDED.**

Citing CPL Article 210, Defendant moves "for inspection of the Grand Jury minutes by the Court and subsequent to that inspection, for the dismissal of the indictment or reduction of the

5

counts thereof, on the grounds that the evidence before the Grand Jury was not legally sufficient, and that the Grand Jurors were not properly instructed on the applicable law, and on lesser included offenses" (*see* Point B, Page 2, of Defendant's Notice of Motion and Point B, Pages 1-5, of Defendant's Memorandum of Law). Specifically, Defendant contends that the Grand Jury evidence was insufficient because the testimony failed to show that the Yonkers Police Department had probable cause to stop the vehicle and the People failed to provide sufficient evidence that Defendant acted with the necessary criminal intent regarding the charge of Burglary in the Third Degree (*see* Pages 2-3 of Defendant's Memorandum of Law).

Defendant also contends that the People "failed to provide substantiation for the value of the items alleged to be stolen," that the testimony of the owner of the Verizon Store "was based on mere speculation about the value of the items lost" and, therefore, that the People did not prove the required elements of valuation as to the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree (*see* Page 2 of Defendant's Memorandum of Law).

In their response, the People consent to an in-camera inspection of the Grand Jury minutes by the Court (*see* Point B, Page 2, of the People's Memorandum of Law), contend that the indictment is supported by legally sufficient evidence (*see* Point B, Pages 2-6, of the People's Memorandum of Law), and assert that "Defendant has failed to meet his high burden of showing the existence of any error in the grand jury proceeding which rendered it defective" (*see* Point B, Page 6, of the People's Memorandum of Law).

As to the value of the stolen items, the People contend that "[d]uring the course of the grand jury proceedings, the People elicited testimony from the owner of the Verizon Store about the specific items that were stolen and their value and moved into evidence photographs of the stolen items recovered pursuant to the search warrant" (*see* Point B, Pages 3-4, of the People's Memorandum of Law). The People aver that "[t]his evidence coupled with the fact that the average juror has knowledge as to what cellular devices cost given the mainstream use of cellular devices in today's society provides a sufficient bases of knowledge for the grand jurors to ascertain the value of the stolen items" (*see* Point B, Page 4, of the People's Memorandum of Law).

6

The People further contend that the defendant was lawfully arrested and that they offered sufficient proof of his criminal intent with respect to the Burglary in the Third Degree count (*see* Point B, Pages 4-6, of the People's Memorandum of Law).

The Court has conducted an in-camera review of the entirety of the Grand Jury proceedings, having examined the unredacted certified copies of the stenographic transcripts of the Grand Jury proceeding dated February 26, 2020 and the instructions on the law dated March 3, 2020.

On February 26, 2020, prior to the commencement of the given sworn testimony, the People specifically inquired of and confirmed with the foreperson that twenty-two (22) grand jurors were present. Prior to instructing the grand jurors on the applicable law on March 3, 2020, the People confirmed with the foreperson that those twenty-two (22) grand jurors were present throughout the presentation of the case. These measures by the People satisfy this Court that the twenty-two (22) grand jurors who deliberated and voted on the charges contained in Indictment Number 20-70271 were present throughout the one-day presentation of the case.

"Courts assessing the sufficiency of the evidence before a grand jury must evaluate 'whether the evidence, viewed most favorably to the People, if unexplained and uncontradicted – and deferring all questions as to the weight or quality of the evidence – would warrant conviction'" (*People v Mills*, 1 NY3d 269, 274-275 [2003], quoting *People v Carroll,* 93 NY2d 564, 568 [1999]; *see People v Bello*, 92 NY2d 523, 525 [1998]; *People v Jensen*, 86 NY2d 248, 251 [1995]; *People v Jennings*, 69 NY2d 103, 114 [1986]; *People v Booker*, 164 AD3d 819, 820 [2d Dept 2018]; *People v Hulsen*, 150 AD3d 1261, 1262 [2d Dept 2017], *lv. denied* 30 NY3d 950 [2017]; *People v Flowers*, 138 AD3d 1138, 1139 [2d Dept 2016]). Legally sufficient evidence is "competent evidence which, if accepted as true, would establish every element of an offense charged and the defendant's commission thereof" (CPL § 70.10 (1); *see People v Mills,* 1 NY3d at 274; *People v Franov*, 146 AD3d 978, 979 [2d Dept 2017]; *People v Wisey*, 133 AD3d 799, 800 [2d Dept 2015]; *People v Ryan* 125 AD3d 695, 696 [2d Dept 2015], *lv. denied* 25 NY3d 1077 [2015]). "In the context of a Grand Jury proceeding, legal sufficiency means prima facie proof of the crimes charged, not proof beyond a reasonable doubt" (*People v Jessup*, 90 AD3d 782, 783 [2d Dept 2011], quoting *People v Bello*, 92 NY2d at 526; *see People v Ryan*, 125 AD3d at 696; *People v Woodson,* 105 AD3d 782, 783 [2d Dept 2013]). This Court's inquiry is "limited to 'whether the facts, if proven, and the inferences that logically flow from those facts supply proof of every

7

element of the charged crimes,' and whether 'the Grand Jury could rationally have drawn the guilty inference'" (*People v Bello*, 92 NY2d at 526, quoting *People v Deegan,* 69 NY2d 976, 979 [1987]; *see People v Pino*, 162 AD3d 910, 911 [2d Dept 2018]).

Here, the evidence presented to the Grand Jury, when viewed in the light most favorable to the People, was legally sufficient to establish and support the charge of Burglary in the Third Degree as set forth in Count One of Indictment Number 20-70271.

However, as to the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree, as set forth in Counts Two and Three, respectively, the People failed to prove that the value of the property that was allegedly stolen and possessed by Defendant exceeds three-thousand dollars ($3,000.00).

Pursuant to PL § 155.20 (1), "value means the market value of the property at the time and place of the crime, or if such cannot be satisfactorily ascertained, the cost of replacement of the property within a reasonable time after the crime." "Any person who testifies as to the value of an item 'must provide a basis of knowledge for his [or her] statement of value before it can be accepted as legally sufficient evidence of such value'" (*People v Sutherland*, 102 AD3d 897, 898 [2d Dept 2013], quoting *People v Lopez*, 79 NY2d 402, 404 [1992]; *see People v Piasta*, 207 AD3d 1054, 1058 [4th Dept 2022], *lv. denied* 38 NY3d 1190 [2022]; *People v Box*, 181 AD3d 1238, 1241 [4th Dept 2020], *lv. denied* 35 NY3d 1025 [2020]; *People v Slack*, 137 AD3d 1568, 1569 [4th Dept 2016], *lv. denied* 27 NY3d 1139 [2016]). "'Conclusory statements and rough estimates of value' that are unsupported by a basis of knowledge are insufficient" (*People v Sutherland*, 102 AD3d at 899, quoting *People v Loomis*, 56 AD3d 1046, 1047 [3d Dept 2008]; *see People v Box*, 181 AD3d at 1241; *People v Slack*, 137 AD3d at 1569; *People v Walker*, 119 AD3d 1402, 1402-1403 [4th Dept 2014]; *People v Pallagi*, 91 AD3d 1266, 1269 [4th Dept 2012]).

Here, although the store owner testified regarding the items that were missing[3] and estimated that "[t]he value [of such items] was about $13,800" (*see* Page 19, Line 1, of Grand Jury Transcript dated March 3, 2020), he failed to provide a basis of knowledge for his statement and there was no other evidence as to the value of the stolen property (*see People v Sutherland*, 102 AD3d at 899). Thus, the People failed to meet their burden of proving the required value element

---

[3] The store owner alleged that the items that were stolen included six (6) iPhone 11s, two (2) Samsung Note 10s, two (2) Samsung S10s, one (1) Kyocera phone, two (2) iPad tablets, two (2) Verizon tablets, and three (3) Verizon Hums (*see* Page 18, Lines 19-23, of Grand Jury Transcript dated March 3, 2020).

8

of Grand Larceny in the Third Degree (PL § 155.35) and Criminal Possession of Stolen Property in the Third Degree (PL § 165.50), to wit, a property value in excess of three-thousand dollars ($3,000.00).

Notwithstanding the above, the evidence presented to the Grand Jury did establish the crimes of Petit Larceny (PL § 155.25) and Criminal Possession of Stolen Property in the Fifth Degree (PL § 165.40), as value is not an element thereof.

A Grand Jury proceeding is "defective," warranting dismissal of the indictment, only where the "proceeding . . . fails to conform to the requirements of CPL Article 190 to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL § 210.35 (5); *see People v Arevalo*, 172 AD3d 891, 892 [2d Dept 2019]; *People v Williams*, 171 AD3d 804, 805 [2d Dept 2019]). Dismissal of an indictment under CPL § 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (*People v Huston*, 88 NY2d 400, 409 [1996]; *see People v Williams,* 171 AD3d at 805; *People v Burch,* 108 AD3d 679, 680 [2d Dept 2013], *lv. denied* 22 NY3d 1087 [2014]; *People v Thompson*, 81 AD3d 670, 671 [2d Dept 2011], *aff'd* 22 NY3d 687 [2014]). Here, the Court finds that no such wrongdoing, conduct or errors occurred.

Further, while a prosecutor is required to instruct the grand jury on the law with respect to matters before it (*People v Valles*, 62 NY2d 36, 38 [1984]; *People v Tunit*, 149 AD3d 1110, 1110 [2d Dept 2017]; *People v Samuels*, 12 AD3d 695, 698 [2d Dept 2004]; *see* CPL § 190.25 (6)), "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law" (*People v Calbud, Inc.,* 49 NY2d at 394; *see People v Caracciola*, 78 NY2d 1021, 1022 [1991]; *People v Batashure*, 75 NY2d 306, 311 [1990]; *People v Goetz*, 68 NY2d 96, 115 [1986]; *People v Valles* 62 NY2d 36, 38 [1984]; *People v Tunit,* 149 AD3d at 1110; *People v Castaldo*, 146 AD3d 797, 798 [2d Dept 2017]; *People v Burch,* 108 AD3d at 680; *People v Malan-Pomaeyna*, 72 AD3d 988 [2d Dept 2010]). It is well settled that such instructions are sufficient so long as they provide "enough information to enable [the grand jury] intelligently to decide whether a crime has been committed and to determine whether there exists legally sufficient evidence to establish the material elements of the crime" (*People v Calbud, Inc.,* 49 NY2d at 394-395; *see People v Valles* 62 NY2d at 38; *People v Tunit*, 149 AD3d at 1110-1111; *People v Patterson,* 73 AD3d 1215, 1215 [2d Dept 2010], *lv. denied* 15 NY3d 776 [2010]; *People v Malan-*

*Pomaeyna*, 72 AD3d at 988).

After an in-camera review of the unredacted certified copies of the stenographic transcripts of the Grand Jury proceeding and the instructions on the law provided therein, this Court determines that the Grand Jury proceeding was not defective and that the instructions given during the presentation were legally sufficient and proper.

Accordingly, for the reasons set forth above, Defendant's motion to dismiss or reduce the charge of Burglary in the Third Degree is denied and his motion to dismiss or reduce the charges of Grand Larceny in the Third Degree and Criminal Possession of Stolen Property in the Third Degree is granted to the extent that such counts are reduced to Petit Larceny and Criminal Possession of Stolen Property in the Fifth Degree, respectively.

## 4. MOTION FOR PRECLUSION OF DEFENDANT'S PRIOR CRIMES OR BAD ACTS; ASSOCIATED *SANDOVAL* AND *VENTIMIGLIA* HEARINGS.

Relying on *People v Sandoval*, 34 NY2d 371 [1974], and *People v. Ventimiglia*, 52 NY2d 350 [1981], Defendant moves for a pre-trial hearing "to determine the admissibility at trial for any purpose of any and all alleged criminal convictions and/or criminal, vicious or immoral acts of defendant," and requests that the People notify him of "all specific instances of defendant's alleged prior uncharged criminal, vicious or immoral conduct of which the prosecution has knowledge, and which the District Attorney intends to use at trial" (*see* Point C, Pages 2-3, of Defendant's Notice of Motion and Point E, Pages 5-6, of Defendant's Memorandum of Law).

In response, the People acknowledge their *Sandoval* and *Ventimiglia* obligations and consent to hearings on same if such disclosure is made (*see* Point C, Page 9, of the People's Memorandum of Law). The People also indicate that should they "seek to introduce defendant's prior bad acts on their direct case [pursuant to *People v Molineux*, 168 NY 264 [1901]], the People will inform defense counsel and the Court and request a hearing before introducing such *Molineux* evidence" (*see* Point C, Page 9, of the People's Memorandum of Law).

CPL § 245.20 (3) (a) provides, in substance and pertinent part, that "[t]he prosecution shall disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial for purposes of impeaching the credibility of the defendant." To the extent that the People seek to use any of Defendant's prior

acts of misconduct or criminality on their direct case as substantive proof of any material issue in the case, CPL § 245.20 (3) (b) likewise obligates "[t]he prosecution [to] disclose to the defendant a list of all misconduct and criminal acts of the defendant not charged in the indictment, which the prosecution intends to use at trial [for such purpose]." Lastly, CPL § 245.20 (3) further requires that "the prosecution shall designate whether it intends to use each listed act for impeachment and/or as substantive proof."

As the People have concededly not yet disclosed to the defendant a list of his acts of misconduct and criminality which the prosecution intends to use at trial for impeaching his credibility or as substantive proof of any material issue in the case, nor designated their intended use thereof, this Court will not order the requested *Sandoval* and *Ventimiglia* hearings at the present time. Should the People seek to use at trial any prior acts of misconduct or criminality of the defendant for CPL § 245.20 (3) (a) or (b) purposes, they are directed to disclose to Defendant a list of all such acts of misconduct and criminality and to designate the intended purpose of each listed act. Pursuant to CPL § 245.10 (1) (b), the People "shall perform [these] supplemental discovery obligations *as soon as practicable* but not later than fifteen (15) calendar days prior to the first scheduled trial date" (emphasis added). If the People do so, Defendant may renew his application to preclude the People's use of such acts of misconduct or criminality at trial or, in the alternative, request a hearing thereon to determine the admissibility thereof. If the People fail to do so, no use of such acts will be permitted at trial.

## 5. MOTION TO SUPPRESS PHYSICAL EVIDENCE AND TO CONTROVERT SEARCH WARRANTS.

Citing CPL Articles 690 and 710, Defendant moves to suppress "all evidence seized pursuant to a search warrant and [to controvert] the search warrant" (*see* Point D, Page 3, of Defendant's Notice of Motion). Specifically, Defendant contends that the affidavits "fail to establish a nexus between [Defendant's] residence at 26 Yonkers Avenue, the Grey Mercedes Benz, the items illegally seized from [Defendant's] person as a result of the unlawful stop and the items seized from the BMW X3" (*see* Point D, Page 6, of Defendant's Memorandum of Law). Defendant further contends that the search warrant application was overbroad as such request did not indicate that the police were authorized to retrieve SIM Cards and SIM Card Starter Kits and that the police failed to list the make and model of the cell phones allegedly taken from the Verizon

11

Store in their application (*see* Point D, Page 7, of Defendant's Memorandum of Law). In the alternative, Defendant seeks a hearing on this issue (*see* Point D, Page 7, of Defendant's Memorandum of Law).

Citing *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], Defendant also moves to suppress and prohibit "the use at trial or any hearing on this matter of all evidence, including all physical evidence, and any statements in that such evidence and property was unlawfully seized and was the fruit of an unlawful arrest, as defendant was arrested without probable cause" (*see* Point E, Page 3, of Defendant's Notice of Motion and Point E, Page 7, of Defendant's Memorandum of Law). Specifically, Defendant contends that "a pair of keys belonging to the Mercedes Benz" and found on his person were recovered without his consent, and that the police conducted an "unlawful search of the BMW X3," during which they found cellular devices in the back of the vehicle (*see* Point E, Pages 8-9, of Defendant's Memorandum of Law). In the alternative, Defendant seeks "a hearing to determine whether defendant was arrested with probable cause and the admissibility of such physical evidence including the bladed knife alleged to have been found on [his] person" (*see* Point E, Page 3, of Defendant's Notice of Motion).

In response, the People allege that Defendant's motion to controvert the search warrant and to suppress the evidence seized should be denied since the search warrant was supported by probable cause and is sufficiently specific and not overbroad (*see* Point D, Pages 11-15, of the People's Memorandum of Law).[4] The People further contend that the defendant does not have standing to contest the search of the 2016 Mercedes Benz or the BMW X3 (*see* Point D, Pages 10-11, and Point E, Page 20, of the People's Memorandum of Law). Finally, the People aver that Defendant's motion to suppress physical evidence should be denied as the Defendant was lawfully arrested and that, should the Court find that Defendant has standing, the items recovered from the Mercedes Benz and the BMW X3 were properly recovered pursuant to an inventory search in accordance with standard procedure or the automobile exception to the warrant requirement (*see*

---

[4] The People state that on October 11, 2019, "an amended warrant application was submitted by a member of the Village of Bronxville Police Department when it was discovered, *upon the execution of the previously signed warrant order*, that defendant resides in Apartment 2R at 26 Yonkers Avenue and not Apartment 4L as defendant initially told police" (emphasis added) (*see* Point D, Page 14, of the People's Memorandum of Law). The Court presumes from the emphasized language above that both a search warrant and an amended search warrant were executed in connection with this matter.

Point E, Pages 16-22, of the People's Memorandum of Law).

A court reviewing a search warrant is required to give the issuing court "great deference" in determining whether there was probable cause, as a presumption of validity attaches to a search warrant approved by a magistrate who reviews the underlying application and finds sufficient evidence of probable cause (*People v Castillo*, 80 NY2d 578, 585 [1992], *cert. denied* 507 U.S. 1033 [1993]; *see People v Griminger*, 71 NY2d 635 [1988]; *People v Hanlon*, 36 NY2d 549, 558 [1975]; *People v Crupi*, 172 AD3d 898 [2d Dept 2019], *lv. denied* 34 NY3d 950 [2019]; *People v Calise*, 256 AD2d 64, 65 [1st Dept 1998], *lv. denied* 93 NY2d 851 [1999]). To establish probable cause, "a search warrant application must provide the magistrate with information sufficient to support a reasonable belief that evidence of illegal activity will be present at the specific time and place" (*People v Edwards*, 69 NY2d 814, 816 [1987]; *see People v Bigelow*, 66 NY2d 417, 423 [1985]; *People v Lambey*, 176 AD3d 1232, 1233 [2d Dept 2019]; *People v Murray*, 136 AD3d 714 [2d Dept 2016], *lv. denied* 27 NY3d 1003 [2016] *People v Leggio*, 84 AD3d 1116, 1117 [2d Dept 2011]; *People v Griffin*, 28 AD3d 578, 578–579 [2d Dept 2006], *lv. denied* 7 NY3d 789 [2006]; *People v Corr*, 28 AD3d 574, 575 [2d Dept 2006], *lv. denied* 7 NY3d 787 [2006]). "In reviewing the validity of a search warrant to determine whether it was supported by probable cause or whether it contained a sufficiently particular description of its target, the critical facts and circumstances for the reviewing court are those which were made known to the issuing Magistrate at the time the warrant application was determined" (*People v Gordon*, 36 NY3d 420, 429 [2021], quoting *People v Nieves*, 36 NY2d 396, 402 [1975]; *see People v Pitcher*, 199 AD3d 1493, 1494 [4th Dept 2021]).

Defendant's motion for suppression of physical evidence is granted to the extent that hearings pursuant to *Mapp v Ohio*, 367 US 643 [1961], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine whether Defendant has standing to contest the searches and seizures at issue (*People v Ramirez-Portoreal*, 88 NY2d 99, 108 [1996]; *see People v Leach*, 21 NY3d 969, 971 [2013]; *People v Wesley*, 73 NY2d 351, 358-359 [1989]; *People v Kluge*, 180 AD3d 705, 707 [2d Dept 2020]; *People v Santiago*, 176 AD3d 744, 745 [2d Dept 2019]; *People v McCullum*, 159 AD3d 8, 12-13 [2d Dept 2018], *aff'd* 34 NY3d 1022 [2019]) and, if so, whether the search warrant and the amended search warrant described the items to be seized with sufficient particularity so as to not authorize a general, exploratory search (*People v Fernandez*, 2022 NY

13

Slip Op 06137 [2d Dept 2022]; *see People v Nieves*, 36 NY2d at 401-402; *People v Williams*, 187 AD3d 1222, 1223-1224 [2d Dept 2020]; *People v Melamed*, 178 AD3d 1079, 1081-1082 [2d Dept 2019]).

## 6. MOTION TO SUPPRESS STATEMENTS.

Citing CPL Article 710, the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution and Article I, Section 6, of the New York State Constitution, Defendant moves to suppress any statements allegedly made by him as violative of his rights (*see* Point F, Page 4, of Defendant's Notice of Motion and Point F, Page 10, of Defendant's Memorandum of Law). Specifically, Defendant contends that such statements were involuntarily made and "asserts that his initial arrest was unconstitutional and made without the requisite probable cause" (*see* Point F, Page 10, of Defendant's Memorandum of Law). In the alternative, Defendant "requests a Huntley hearing…to aid the Court in determining the issues raised" (*see* Point F, Page 10, of Defendant's Memorandum of Law).

In response, the People conclude their counter arguments by stating that, "[a]s no conduct requiring suppression occurred prior to or during defendant's statement[s] and his statement[s] [were] entirely voluntary, after a *Huntley* hearing, defendant's motion to suppress his statements should be denied" (*see* Point F, Page 28, of the People's Memorandum of Law).

As the People have impliedly consented to a hearing to address Defendant's claims, Defendant's motion to suppress statements is granted to the extent that hearings pursuant to *People v Huntley*, 15 NY2d 72 [1965], and *Dunaway v New York*, 442 US 200 [1979], will be conducted to determine the voluntariness and admissibility of the noticed statements.

## 7. MOTION FOR DISCOVERY COMPLIANCE AND TO DEEM THE CERTIFICATE OF COMPLIANCE INVALID AND THE STATEMENT OF READINESS ILLUSORY.

Citing CPL § 245.20, Defendant contends that the People have not fully complied with their discovery obligations and, thus, he requests that the Court deem the Certificate of Compliance dated August 12, 2022 invalid and the Statement of Readiness illusory (*see* Point G, Pages 12-13,

14

of Defendant's Memorandum of Law).[5] Specifically, Defendant avers that the People have failed to provide the Search Warrant Return pursuant to CPL § 690.50 (4) and (5), photographs of "a red bin [that] was recovered [and] abandoned near 26 Yonkers Avenue," Grand Jury exhibits, a pedestrian 911 call, and documents pertaining to his "Yonkers arrest" (see Point G, Pages 12-13, of Defendant's Memorandum of Law). Defendant also claims that the "CPL § 245.20 (1) (k) disclosures for the officers involved are outdated" and incomplete (see Point G, Page 13, of Defendant's Memorandum of Law).

In response, the People assert that, because they "certified their compliance with the discovery demands of CPL [§] 245.20 on August 12, 2022, when the People filed their Certificate of Compliance (CPL [§] 245.50 (1),...[the] defendant's argument that the People have failed to comply with the statute is moot" (see Point G, Page 29, of the People's Memorandum of Law). The People have also provided the Court with descriptions of the additional materials and information that have allegedly been provided to Defendant and the dates upon which such disclosure allegedly took place pursuant to the People's continuing duty to do so pursuant to CPL § 245.60 (see Point G, Pages 30-36, of the People's Memorandum of Law).

Specifically, the People contend that all CPL § 245.20 (1) (k) materials were provided to Defendant on August 12, 2022,[6] the photographic and surveillance video exhibits of the Grand Jury proceeding were provided to Defendant on February 4, 5, and 20, 2020, and an email dated August 12, 2022 was sent to Defendant which disclosed that the original call was reported by a member of the Village of Bronxville Police Department and not a pedestrian, as initially believed (see Point G, Page 35, of the People's Memorandum of Law). The People further contend that although the search warrant return has not yet been provided, they did provide Defendant with "a

---

[5] Citing CPL Article 245, Defendant also moves "to invalidate the prior Certificate of Compliance [dated February 4, 2020 filed in Bronxville Village Court] and Statement of Readiness as illusory for failure of the People to provide the grand jury minutes" (see Point G, Page 4, of Defendant's Notice of Motion and Point G, Page 11, of Defendant's Memorandum of Law). As local court does not have jurisdiction over felony matters and Defendant concedes that "the People cannot proclaim actual readiness in local court" (see Point G, Page 11, of Defendant's Memorandum of Law), such argument need not be addressed. The Court notes that the Discovery Disclosure Index attached to the Certificate of Compliance dated August 12, 2022, indicates that the "Grand Jury Testimony" was provided to defense counsel via the "PRO Discovery Portal" on "7/13/2020."

[6] The People state this includes "(1)(k) questionnaires, office memoranda, civil suit information, and prior law enforcement experience documents" (see Point G, Page 34, of the People's Memorandum of Law).

15

photograph of a warrant receipt on February 4, 2020 and February 20, 2020," and that all photographs related to the Verizon Store burglary that are in the People's possession were also provided to Defendant on such dates (*see* Point G, Page 35, of the People's Memorandum of Law).

As to the red box photograph, the People claim that "they cannot provide a document that does not exist," that the Discovery Disclosure Index attached to the People's Certificate of Compliance indicates that "defendant can inspect the red box upon contacting the assigned Assistant District Attorney" and that, "[t]o date, no request for such inspection has been made by the defendant" (*see* Point G, Page 35, of the People's Memorandum of Law). Finally, as to the outstanding discovery on the Yonkers matter, the People aver that they provided "all discovery items within their possession...on August 10, 2022 and subsequently on September 6, 2022" (*see* Point G, Page 35, of the People's Memorandum of Law).[7]

Pursuant to CPL § 245.20 (1), the People must automatically disclose to defendant "all items and information that relate to the subject matter of the case and are in the possession, custody or control of the prosecution or persons under the prosecution's direction or control" (*see People v Sime*, 76 Misc.3d 1107, 1111 956, 959 [Crim Ct, Kings County 2022]; *People v Martinez*, 75 Misc3d 1212(A) [Crim Ct, NY County 2022]; *People v Darren*, 75 Misc3d 1208(A) [Crim Ct, NY County 2022]; *People v Aquino*, 74 Misc3d 1147, 1152 [Sup Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d 411, 413 [Sup Ct, Queens County 2021]) and the statute sets forth a non-exhaustive list of items and information that must be disclosed to the defendant as part of the People's initial discovery obligation (*see People v Deas*, 75 Misc3d 190, 193 [Sup Ct, Westchester County 2022]; *People v Rodriguez*, 73 Misc3d at 413; *People v Perez*, 73 Misc3d 171, 173 [Sup Ct, Queens County 2021]; *People v Soto*, 72 Misc3d 1153, 1155 [Crim Ct, NY County 2021]). CPL § 245.20 (2) further requires the People to "make a diligent, good faith effort to ascertain the existence of [such] material or information," and where it exists, to make it available for discovery, even if the material is not within their possession, custody, or control (*see People v Martinez*, 75 Misc3d 1212(A); *People v Darren*, 75 Misc3d 1208(A); *People v Cajilima*, 75 Misc3d 438, 440

---

[7] The People note that the additional discovery items included "warrant documents; which were previously provided to defendant on August 10, 2022; CSU photographs; and a Yonkers Police Department discovery compliance checklist" (*see* Point G, Page 36, of the People's Memorandum of Law).

16

[Sup Ct, Nassau County 2022]; *People v Williams*, 73 Misc3d 1091, 1103-1104 [Sup Ct, Kings County 2021]; *People v Perez*, 73 Misc3d at 174).

However, notwithstanding the mandates of CPL § 245.20 (1) and (2), "[n]owhere within CPL article 245…is there a requirement that the People disclose every discovery item under CPL 245.20 (1) prior to the valid filing of a certificate of compliance. On the contrary, CPL article 245…present[s] a theme emphasizing the importance of good faith efforts by the People, and reasonableness under the circumstances, as it relates to discovery compliance" (*People v Bruni*, 71 Misc3d 913, 917 [County Ct, Albany County 2021]; *see People v Leonardo*, 75 Misc3d 1237(A) [Crim Ct, Queens County 2022]; *People v Pierna*, 74 Misc3d 1072, 1087-1088 [Crim Ct, Bronx County 2022]; *People v Barralaga*, 73 Misc3d 510, 514 [Crim Ct, NY County 2021]; *People v Rodriguez*, 73 Misc3d at 416-417; *People v Knight*, 69 Misc3d 546, 552 [Sup Ct, Kings County 2020]; *People v Erby*, 68 Misc3d 625, 633 [Sup Ct, Bronx County 2020]; *People v Askin*, 68 Misc3d 372, 378-379 [County Court, Nassau County 2020]). "Article 245 requires the prosecution to proactively disclose qualifying material to defendant and file a 'certification of *good faith compliance'* prior to stating their readiness for trial" (emphasis added) (*People v Leonardo*, 75 Misc3d 1237(A), citing CPL § 30.30 (5) and CPL § 245.50 (3)). Consequently, numerous courts have found that belated disclosure should not invalidate a Certificate of Compliance that was made in good faith after the exercise of due diligence (*People v Sime*, 76 Misc3d at 1114; *People v Rodriguez*, 73 Misc3d at 416, citing *People v Bruni*, 71 Misc3d at 921; *People v Erby*, 68 Misc3d at 633; *People v Gonzalez*, 68 Misc3d 1213[A] [Sup Ct, Kings County 2020]; *People v Knight*, 69 Misc3d at 552; *People v Lustig*, 68 Misc3d 234, 247 [Sup Ct, Queens County 2020]; *People v Randolph*, 69 Misc 3d 770, 770 [Sup Ct, Suffolk County 2020]) and a Certificate of Compliance need not be invalidated for the belated disclosure of discoverable material not previously known to the People (*see People v Surgick*, 73 Misc3d 1212[A] [Albany City Ct 2021] or because of "[i]nadvertent errors or omissions" (*People v Pondexter*, 76 Misc3d 349, 353 [Crim Ct, NY County 2022], citing *People v Nelson*, 75 Misc3d 1203[A] [Crim Ct, NY County 2022]; *People v Rodriguez*, 73 Misc3d at 416; *People v Moore*, 72 Misc3d 903, 907 [Sup Ct, Kings County 2021]).

In determining the validity of the Certificate of Compliance in this case, this Court has looked at the People's efforts to meet their discovery obligations and finds them sufficient, agreeing

17

[* 17]

that "good faith, due diligence, and reasonableness under the circumstances are the touchstones by which a certificate of compliance must be evaluated" (*People v Marin*, 74 Misc3d at 1042, quoting *People v Perez*, 73 Misc3d at 177; *see People v Cajilima*, 75 Misc3d at 441; *People v Henry*, 74 Misc3d 1230(A) [Sup Ct, Richmond County 2022]; *People v Rodriguez*, 73 Misc3d at 417; *People v Georgiopoulos*, 71 Misc3d 1215(A) [Sup Ct, Queens County 2021]).  Here, the People have outlined the due diligence and good faith efforts that they have undertaken to obtain and provide the initial and additional discovery materials and information to the defendant.  If there is any discoverable material or information that remains outstanding, it is not due to a lack of good faith effort or due diligence on the part of the People.  To the extent that such has not yet been disclosed, should the People ascertain the existence of any of the materials and information itemized in CPL § 245.20 (1) through their mandated diligent, good faith effort to do so or otherwise, they are directed to expeditiously disclose the same upon receipt thereof.  If such material or information does exist and is missing, disclosed belatedly, or destroyed, this Court will determine whether a sanction should be imposed and, if so, the appropriate remedy or sanction under the circumstances (*see* CPL § 245.80).

Accordingly, for the reasons set forth above, this Court finds that the People's statement of readiness was not illusory and Defendant's motion seeking invalidation of the People's Certificate of Compliance is denied.

The foregoing constitutes the Decision and Order of this Court.

Dated:  White Plains, New York
       November 28, 2022

HONORABLE ROBERT J. PRISCO
County Court Judge

18

To:    HON. MIRIAM E. ROCAH
Westchester County District Attorney
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601
Attn: Assistant District Attorney Annmarie Stepancic


THE LEGAL AID SOCIETY OF
WESTCHESTER COUNTY
Attorney for Defendant Sandro Suarez
150 Grand Street-Suite 100
White Plains, New York 10601
Attn: Ketienne Telemaque, Esq.

19

[* 19]