People v Yates (2024 NY Slip Op 05738)

People v Yates

2024 NY Slip Op 05738

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

795 KA 19-02356

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JACQUES YATES, DEFENDANT-APPELLANT. 

TINA L. HARTWELL, PUBLIC DEFENDER, UTICA (DAVID A. COOKE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JACQUES YATES, DEFENDANT-APPELLANT PRO SE.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 29, 2019. The judgment convicted defendant, after a nonjury trial, of rape in the second degree, rape in the third degree (two counts) and endangering the welfare of a child (three counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence and as modified the judgment is affirmed, and the matter is remitted to Oneida County Court for resentencing.
Memorandum: Defendant appeals from a judgment convicting him, following a nonjury trial, of one count of rape in the second degree (Penal Law former § 130.30 [1]), two counts of rape in the third degree (former § 130.25 [2]), and three counts of endangering the welfare of a child (§ 260.10 [1]). Defendant drove three minor victims to a hotel where he obtained a room for the night. Defendant and the victims consumed alcohol and smoked marijuana supplied by defendant. Thereafter, defendant engaged in sexual intercourse and other sexual conduct with the three victims.
Defendant initially contends in his main brief that County Court erred in granting the People's motion to amend the indictment to correct a 10-day error in the date of birth of one of the victims. We reject that contention. The Criminal Procedure Law provides that "[a]t any time before or during trial, the court may, upon application of the people and with notice to the defendant and opportunity to be heard, order the amendment of an indictment . . . when such an amendment does not change the theory or theories of the prosecution . . . or otherwise tend to prejudice the defendant on the merits" (CPL 200.70 [1]; see also People v Taylor, 202 AD3d 1461, 1461 [4th Dept 2022], lv denied 38 NY3d 1036 [2022]). Here, defendant does not dispute that the 10-day amendment did not alter the theory of the prosecution or prejudice defendant on the merits, insofar as that victim's age in years at the time of the offense was unchanged. To the extent that defendant contends in his main brief that his conviction is not supported by legally sufficient evidence, we reject that contention (see People v Bleakley, 69 NY2d 490, 495 [1987]).
Upon viewing the evidence in light of the elements of the crimes in this nonjury trial and deferring to the court's determinations on credibility (see People v Danielson, 9 NY3d 342, 349 [2007]), we further reject defendant's contention in his main and pro se supplemental briefs that the verdict is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends in his main brief that the court erred in refusing to dismiss the indictment based upon selective prosecution. We reject that contention. To establish that he was the victim of the unconstitutional selective enforcement of the Penal Law, defendant had the [*2]"heavy burden" of showing "that the law was enforced with both an 'unequal hand' and an 'evil eye'; 'to wit, there must be not only a showing that the law was not applied to others similarly situated but also that the selective application of the law was deliberately based upon an impermissible standard such as race, religion or some other arbitrary classification' " (People v Blount, 90 NY2d 998, 999 [1997]; see People v Welch, 2 AD3d 1354, 1358 [4th Dept 2003], lv denied 2 NY3d 747 [2004]). Defendant failed to meet his burden of establishing that he—a 38-year-old man—was similarly situated to one of the minor victims.
We reject defendant's contention in his main brief that his sentence is unduly harsh and severe. However, we note that while the certificate of disposition states that the defendant was sentenced to a determinate term of one year's incarceration on each of the three counts of endangering the welfare of a child, including count 7, at sentencing, the court failed to pronounce a sentence on that count. Inasmuch as the court "failed to impose a sentence for each count of which defendant was convicted" (People v Bradley, 52 AD3d 1261, 1262 [4th Dept 2008], lv denied 11 NY3d 734 [2008]; see CPL 380.20), we modify the judgment by vacating the sentence, and we remit the matter to County Court for resentencing (see People v Brady, 195 AD3d 1545, 1546 [4th Dept 2021], lv denied 37 NY3d 970 [2021]).
We have reviewed the remaining contentions raised by defendant in his pro se supplemental brief and conclude that they are either unpreserved or lacking in merit.
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court